DREW RYAN *et al.* v. THE CITY OF COLDWATER.

CITY, *Liable for Work Done.* Where a plaintiff in an action against a city alleges in his petition that he made a filling in one of the public streets of such city to the extent of 2,200 yards, of the value of $220 with the knowledge, consent and direction of the city, and asks for a judgment against the city for $220, he states a cause of action against the city for that amount.

*Error from Comanche District Court.*

THE opinion states the case. Judgment for the defendant *City*, at the July term, 1888. The plaintiffs, *Ryan* and another, bring the case to this court.

*W. A. Taylor*, for plaintiffs in error.

*T. G. Chambers*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace of Comanche county by Drew Ryan and George Schwrisberger, against the city of Coldwater, to recover $220 for work done upon a certain street in that city. The case was afterward taken to the district court, and in that court the plaintiffs amended their bill of particulars so as to make it read, omitting caption and signature, as follows:

"Plaintiffs, for cause of action, allege that defendant is a municipal corporation created by the laws of the state of Kansas; that as such corporation defendant did, by ordinance approved on the 16th day of August, 1886, provide a tax of 10 mills on the dollar on all the taxable real estate within the corporate limits of said city of Coldwater, the defendant in this case, for the purpose of grading, opening, widening, improving, etc., all streets, avenues, etc., in said city; that as such corporation, defendant did, by resolution approved by the mayor and council of said city, defendant, on the 27th day of July, 1887, provide for surveying and grading all streets within the limits of said city, defendant; that in pursuance of said resolution, on Main street in said city was established a grade, which said grade was by resolution of the mayor and council of said city, adopted and approved on the 20th day of December, 1887; that plaintiffs herein, with the knowledge, consent and direction of defendant herein, did, between the — day of —— 1887, and the 8th day of November, 1887, do certain filling and work on west Main street between Central and Brooklyn avenues in said city, in compliance with the grade as established aforesaid, an account of said filling and work being herewith attached, marked 'exhibit A' and made a part hereof; that plaintiffs did, on the 3d day of December, 1887, present to the city council of the city of Coldwater, the defendant, a full account of the items of their claim, the same being duly verified by the oath of George Schwrisberger, one of the plaintiffs herein; that said account was reasonable, correct, and just, which said claim so presented defendant refused to allow; that said filling and work is worth the sum of $220; that said amount of $220 is due, and wholly unpaid.

"Wherefore plaintiffs ask judgment in the sum of $220,

with interest at the rate of 7 per cent. per annum from the 8th day of November, 1887, and costs of this suit."

Exhibit "A" reads as follows:

"November 8, 1887. City of Coldwater, *Dr.* To Drew Ryan and George Schwrisberger, *Cr.* To 2,200 yards of filling on west Main street between Central and Brooklyn avenues, in said city, at 10 cents per yard, $220. Due $220."

The defendant demurred to this amended bill of particulars, upon the ground that it did not state facts sufficient to constitute a cause of action, and the court sustained the demurrer; and to reverse this ruling of the district court, the plaintiffs, as plaintiffs in error, bring the case to this court.

We think the court below erred. In Kansas all improvements of the public streets of a city, and all changes to be made therein, are wholly and entirely within the control of the city itself. No individual person has any right to disturb the surface of any street of a city in the slightest manner whatever except with the consent of the city, or except as he might do so in some proper mode of travel or transportation. In the present case the plaintiffs made a certain filling on west Main street of the city of Coldwater, to the extent of 2,200 yards. While it might be presumed, in the absence of anything to the contrary, that they did this with the knowledge and consent and by the direction of the city, yet they have not relied upon presumptions merely, but have so alleged the same in direct terms in their petition; and as the work has already been done, completed, finished, we think the city is presumptively liable therefor; (*City of Ellsworth v. Rossiter*, just decided;) and if the city has any defense, it devolves upon the city to so state it.

We think the plaintiffs' petition states a cause of action, and therefore the order and judgment of the district court sustaining the demurrer thereto will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.