WALNUT TOWNSHIP, PHILLIPS COUNTY, v. R. E. HETH.

No. 171.  (59 Pac. 289.)

TOWNSHIPS—*Highway Commissioners—Improvement of Roads.*
The provision contained in section 44 of chapter 42 of the General Statutes of 1897 (Gen. Stat. 1899, § 7472), as follows: "Whenever the available means at their disposal will permit," is a condition precedent to and a limitation upon the authority of the board of commissioners of highways of a township to enter upon the construction of permanent roads or to contract an indebtedness against the townships therefor.

Error from Phillips district court; A. C. T. GEIGER, judge.  Opinion filed November 18, 1899.  Reversed.

*W. H. Pratt*, for plaintiff in error.
*Frank McKay*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This was an action by Heth against the township to recover on four several township warrants, issued to the assignors of the plaintiff for labor performed on the highways and for materials furnished in the construction of bridges. To the plaintiff's bill of particulars before the justice of the peace the defendant demurred, upon the ground that it stated no cause of action because it failed to allege a demand. The warrants are each stamped "Presented, and not paid for want of funds," over the signature of the township treasurer, as required by statute. Likewise, before the justice, the plaintiff demurred to the bill of particulars constituting the defendant's defense, which was sustained. The case went to the district court upon appeal, where the plaintiff's demurrer to the defendant's bill of particulars of defense was sustained and judgment rendered for the plaintiff upon the warrants.

The first complaint is that the district court overruled the defendant's demurrer. The contention is that the bill of particulars did not allege any demand before bringing suit. We know of no statute requiring such a demand as a necessary prerequisite to the maintenance of a suit upon township warrants.

The next assignment of error is that the court sustained the demurrer of the plaintiff to the defendant's bill of particulars for the reason that it stated no defense. The indebtedness sought to be recovered of the township was attempted to be created under chapter 168 of the Laws of 1885, enacting that the township officers of each township of the state shall constitute a board of commissioners of highways, and conferring upon such board certain duties in relation

thereto, and especially under the provisions of section 44 of chapter 42, General Statutes of 1897 (Gen. Stat. 1899, § 7472), being section 5 of the original act. The indebtedness was not attempted to be created under the first part of the section, but under that provision thereof which says : "Whenever the available means at their disposal will permit, they shall construct permanent roads, beginning where most needed." The bill of particulars filed as an answer alleged that the indebtedness was contracted and the warrants issued without authority of law, because at the time thereof there were no available funds of the township with which to meet this indebtedness, and the plaintiff and his several assignors had knowledge thereof. It further alleged that the trustee who prosecuted the work, being a candidate for reelection to that office, employed the laborers and procured the material for the bridges with the fraudulent and corrupt intent thereby to secure the votes of the persons employed upon the work and from whom materials were purchased.

There are other allegations in the answer which we do not deem it necessary to notice. If any defense is stated, it is contained in the recitals above mentioned. The solution of this question must turn upon the construction to be given to the language of the statute. It is a condition precedent to the power to engage in the work of constructing new roads and employing labor thereon and buying material therefor that there shall be at the time available funds in the township treasury, or in the county treasury, for the use of the township, with which to meet the indebtedness created thereby. We might say that it is further alleged in this answer that an indebtedness of $3000 was created in this way, or attempted to be created, against the

township. It surely could not have been intended by the legislature to empower the township board to incur indebtedness for highways without any limitation thereon, and, therefore, this provision as to available funds was intended as a limitation upon that power. If this view is correct, the bill of particulars of the defendant stated a good defense, and the court erred in sustaining the demurrer thereto. It is contended in opposition thereto, in the defendant's brief, that unless the debt was contracted and the warrants issued in violation of law there can be no escape from payment, citing *Ryan v. City of Coldwater*, 46 Kan. 242, 26 Pac. 675, and *Comm'rs of Hamilton Co. v. Webb*, 47 id. 104, 27 Pac. 825.

In *Ryan v. City of Coldwater*, supra, the question of the power of the city to prosecute the work and to incur the indebtedness was not involved. The question was as to whether the city was liable for work done with its knowledge, consent and direction without a previous contract therefor. In *Comm'rs of Hamilton Co. v. Webb*, supra, it was decided that two members of the board of county commissioners, outside of their county, without any previous authority given by the board as a board, cannot make a valid contract. The justice who decided the case, in an *obiter dictum*, proceeded to say that the defendant in error was not without remedy; that he might be able to recover upon a *quantum meruit*, referring to *City of Ellsworth v. Rossiter*, 46 Kan. 237, 26 Pac. 674. The suit was upon a void contract. The question of the right to recover otherwise was not involved in the case. The contract attempted to be made was clearly such an one as the board of commissioners could make but did not. In *City of Leavenworth v. Rankin*, 2 Kan. 357, the court said: "Municipal corporations are creations of the law, and possess no powers except such as are con-

ferred by law. They act under prescribed rules and must act in accordance with them. . . . When they undertake to make contracts they must observe the regulations prescribed in that behalf, else there will be no contract, and no subsequent act can cure the defect." See, also, *State v. County of Marion*, 21 Kan. 437; *Trustees of Paris Tp. v. Cherry et al.*, 8 Ohio St. 566; 15 A. & E. Encycl. of L., 1041–7 and 1086.

We are of the further opinion that the mere fact that the township trustee had a secret intent, in proceeding with this work and in employing laborers and buying materials, to further his interests as a candidate for the office of trustee at the coming election, as alleged in the bill of particulars, does not constitute a defense to plaintiff's action.

It is contended further, in the brief of the defendant in error, that the district court might well have sustained the demurrer to the defendant's bill of particulars, for the reason that it was not properly signed, or was not signed by the trustee of the township, who is given charge of the property interests of the township. Such defects are not reached by demurrer. The statute defines the grounds upon which a demurrer to a pleading may be filed, and this is not one of them. Such objections can be reached summarily by motion. No attention was given to it in the court below, and the objection cannot be made for the first time in this court for the very apparent reason that justice requires that the defendant have an opportunity to correct any such defect before proceeding to the merits of the case.

The contention that the warrants *prima facie* constituted a cause of action and required no proof in support thereof is good. The burden of defeating them upon any ground not apparent upon the face of them was upon the defendant.

The judgment of the district court is reversed, and

the case remanded with directions to overrule the demurrer to defendant's bill of exceptions, and for further proceedings in the cause in accordance with the views herein expressed.

WELLS, J., concurring.

McELROY, J., dissenting.