No. 24,424.

THERESA CHOP, *Appellee*, v. SWIFT & COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Special Findings—New Trial—No Statutory Grounds Therefor Stated—No Reversible Error.*. In an action to recover damages under the workmen's compensation law, where special questions only were submitted to a jury and answers returned, and where motions were filed by both plaintiff and defendant, the plaintiff to set aside certain of the findings and to confirm others and a motion for a new trial on all the statutory grounds, and by defendant for judgment on the special findings, and where the court sustained plaintiff's motion and set aside one of the findings and sustained plaintiff's motion for a new trial without indicating on what particular ground or grounds the new trial was granted, and overruled

defendant's motion for judgment on the special findings, *held,* the judgment of the trial court granting a new trial will not be reversed.

2. Same. Rule followed, that when a new trial is granted pursuant to a motion pleading all the statutory grounds, and when the particular ground for granting the new trial does not clearly appear, no error can be based thereon. Following *Wenzel v. Milling Co.,* ante, p. 338.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed April 7, 1923. Affirmed.

*Russell Field,* of Kansas City, Mo., for the appellant.

*George H. West, P. W. Croker,* and *H. J. Emerson,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: This was an action under the workmen's compensation law by plaintiff to recover damages from defendant for an injury alleged to have occurred while in its employ. Trial was had to a jury, at the close of which the court submitted special questions only. After the answers to the special questions had been returned by the jury, motions were filed by both plaintiff and defendant. Plaintiff moved to set aside certain findings, to confirm others, and for a new trial. Defendant moved for judgment on the special findings. The court overruled the motions with respect to the findings, except that the answer to one question was set aside. It sustained plaintiff's motion for a new trial, and defendant appeals.

The motion for new trial set up all the statutory grounds. The court did not indicate on what ground or grounds the new trial was ordered, and the record discloses no application by the defendant to the court requesting such an indication.

The defendant argues that the court committed error in overruling its motion for a judgment on the answers of the jury to special questions; also in overruling defendant's demurrer to the evidence and in granting plaintiff's motion for a new trial. The findings of the jury were inconsistent with each other, indicating that the jury either did not understand the case, or did not give it proper consideration. The court set aside the answer of the jury to one of the special questions, which indicates that the court was convinced that the jury had failed to give the testimony or instructions, or perhaps both, proper consideration.

In *Hughes v. Vossler,* 110 Kan. 279, 203 Pac. 1107, it was held:

"The rule followed that where a new trial is granted on a motion setting up

all the statutory grounds therefor, and the trial court does not indicate the specific ground upon which such new trial is granted, the granting of such new trial cannot furnish a basis for reversible error." (Syl. ¶ 2.)

· *Wenzel v· Milling Co.* ante, p. 338, was a case where the court granted a new trial, the jury having returned a general verdict and special findings. The motion for new trial was on the statutory grounds. The court did not specify the particular ground on which the new trial was granted. This court, in refusing to reverse the lower court, said:

"Since the trial court did not specify the particular ground upon which it granted a new trial, there is no plain, conclusive, incontestible ground upon which this court can say that error was committee."

This court cannot assume that there was an abuse of discretion by the trial court in granting the new trial. The situation would not be different had the defendant stood on its demurrer to the evidence and the trial court had granted plaintiff a new trial without stating on what particular grounds.

The judgment is affirmed.