No. 30,912.

THE OEHLERT TRACTOR AND EQUIPMENT COMPANY, *Appellee,* v. THE TOWNSHIP BOARD OF HIGHWAY COMMISSIONERS OF CAWKER TOWNSHIP IN MITCHELL COUNTY; CAWKER TOWNSHIP, *Appellant.*

(20 P. 2d 527.)

Opinion filed April 8, 1933.

*C. M. Higley,* of Cawker City, *C. L. Kagey, Leon W. Lundblade* and *L. M. Kagey,* all of Beloit, for the appellant.

*Ralph H. Noah,* of Beloit, *J. F. Bell,* of Smith Center, and *E. A. Lohrke,* of Omaha, Neb., for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action against a township on a contract for the purchase of machinery. Judgment was for plaintiff. Defendant appeals.

On June 8, 1931, two members of the township board signed an order for the machine in question. This was done while seated in an automobile, and all are agreed it was not at a meeting of the township board, either regular or special. This contract was signed by the two members with an understanding in writing that it would not be binding on the township unless it was agreed to by the third member. This contract was not agreed to by him, but the machinery was sent on approval. It was used by the township from June 17, 1931, to July 22, 1931. Some time prior to June 20, 1931, a notice was served on all members of the board notifying each member that a special meeting was called for June 20 "to ratify purchase contract of road equipment." The third member of the board received this notice, but did not attend the meeting. The other two members did attend and took action as disclosed by the following:

"Special meeting called to order by Trustee H. L. Roberts at 2:00 p. m. at E. H. Kyle resd. Two members present, E. H. Kyle and H. L. Roberts. J. G. McClun did not appear as per written notice. Motion made that twp. board purchase from the Oehlert Tractor & Eqpt. Co., Inc., Salina, Ks., that the board ordered warrants be issued to Oehlert Tractor & Eqpt. Co. . . . and the board hereby ratifies the purchase made June 8, 1931, and that heretofore been done in the matter."

It will be noted that the notice calling the meeting refers to ratifying the purchase contract of June 8, and the minutes of the meeting show an attempt to purchase and also a ratification. At another meeting on August 10 it was decided to hold a public meeting to decide whether or not to buy the machinery. This meeting was held on August 24 and the proposition was voted down. At this meeting the president of plaintiff and its counsel were present and made speeches in favor of buying the machinery.

Later the township refused to pay for the machinery and this suit followed.

At the close of the evidence of plaintiff defendant interposed a demurrer to the evidence of plaintiff. This demurrer was overruled. When the case was submitted to the jury a verdict was returned in favor of the defendant. This verdict was set aside and a new trial granted on the ground that the trial court thought the jury was confused by an instruction.

This court has decided many times that it will not review a trial court's order granting a new trial unless that court has specified the particular ground upon which the new trial was granted, and

unless it should happen to be a ground which this court is in as good a position to pass upon as the trial court. (*Atkinson v. Darling,* 107 Kan. 229, 191 Pac. 486; *Klopfenstein v. Traction Co.,* 109 Kan. 351, 355, 198 Pac. 930; *Hughes v. Vossler,* 110 Kan. 279, 203 Pac. 1107.)

Defendant objected to the motion for a new trial being heard because rule 27 of this court had not been complied with. Rule 27 is as follows:

"Counsel filing a motion or demurrer or pleading subsequent to the petition, shall on the day the same is filed deliver or mail a copy thereof to counsel of record for all adverse parties."

This objection was overruled and plaintiff claims this was error. This rule is intended to safeguard parties from surprise and to insure that all parties had knowledge of what proceedings had been had. In this case defendant was not taken by surprise and he was not compelled to act without time to prepare. The better practice is to mail a copy of every motion to opposing counsel, but under the circumstances of this case we cannot hold that the refusal of the trial court to sustain the objection to the hearing of the motion for a new trial was error.

This leaves in the case the demurrer of defendant to the evidence of plaintiff.

The position of defendant is that the action of the two commissioners of June 8 was unlawful and of no effect because it was not done at any meeting of the township board, either regular or special. It then points to the notice heretofore referred to, which called a meeting for the purpose of ratifying the action of the board on June 8. It is argued that under this notice the only thing the board could consider was ratification. It is then argued that the attempt of the board, as pointed out in its minutes, to purchase the machinery was without effect, and that the purported ratification contained in the minutes was without effect because it is an attempt by the board to ratify an illegal act; that is, the attempted purchase of the machinery by the two commissioners on June 8.

Appellant relies upon the rule that a contract which is beyond the powers of the municipality to make or in which some prescribed formality has irrevocably been disregarded cannot be ratified. This rule is without doubt good, but we must examine the facts of this

case. Where the board is composed of three members two of them have power to bind the township. What made the action of June 8 bad? It was the lack of a notice that a meeting would be had on that date. Had it not been for this lack the action of June 8 would have bound the township. There was no safeguard lost to the township which was not present when the minutes ratifying the action of June 8 were passed. This court has laid down the rule in such cases. In *Coal Co. v. Sugar Loaf Township,* 64 Kan. 163, 67 Pac. 630, it was held:

"An act by the officers or agents of a municipal corporation, such as is a township in this state, which is in excess of the express or implied powers of such corporation, is absolutely void and imposes no obligation upon it; but an act which in itself is well within such powers is binding upon it, if executed, where the only objection thereto is that it was not performed in the manner or at the time designated in the statute."

See, also, *Farmers State Bank v. School District,* 134 Kan. 47, 4 P. 2d 404. We have concluded that since there was authority in the township board to buy road machinery, and since the only thing wrong with the action of the two members on June 8 was that no notice had been given calling a meeting, the action of June 8, while not binding in itself, was of such a nature that it could be ratified and that it was ratified at the meeting of June 20, and the township was bound thereby.

The judgment of the trial court overruling the demurrer of defendant to the evidence of plaintiff is affirmed.