## PEEBLES v. KANSAS LIFE INS. CO.

No. 25112. Dec. 10, 1935.

J. A. Andrews, for plaintiff in error.

Joseph C. Looney and K. W. Halterman, for defendant in error.

RILEY, J. This is an appeal from a judgment of the superior court of Seminole county, rendered on the third day of April, 1933, and from the order entered April 22, 1933, overruling the motion for a new trial.

Defendant in error presented a motion to dismiss the appeal upon the ground that the appeal is by petition in error with case-made attached, and that the case-made was not served upon defendant in error within the time allowed by law, or by any valid order of the trial court.

On January 14, 1934, this court entered an order denying the motion to dismiss. Thereafter defendant in error presented an application for leave to renew the motion to dismiss the appeal and present said motion in its answer brief on the merits. This application was sustained on August 7, 1934, the order being: "Defendant in error granted leave to renew and present motion to dismiss appeal in the answer brief on merits."

The record discloses that motion for new trial was overruled on April 22, 1933, and in the order overruling the motion plaintiff in error was given 90 days to prepare and serve a case-made. Subsequent orders extended time to prepare and serve case-made, and for suggesting amendments thereto. One made on September 18, 1933, which, including the ten days therein given defendant to suggest amendments, extended the time to October 28, 1933, six days beyond the date when an appeal could have been perfected. But on October 9, 1933, the attention of the trial court was apparently called to such fact, whereupon an order was made modifying the order of September 18th, so as to bring the time within which case-made could be served, amendments suggested, and the case settled and signed within the six months period. This last order was made on October 9th, after the expiration of time given in the order next before that of September 18th.

The motion to dismiss is based upon the proposition that the court was without power to modify the order of September 18th, at the time the order modifying same was made.

Saxon v. Green, 131 Okla. 15, 267 P. 465, is relied upon. That case, and other similar cases were expressly overruled in the case of Staner v. McGrath, 174 Okla. 454, 51 P. (2d) 795. It was therein held:

"An order which attempts to extend the time for serving, amending, signing, or settling a case-made beyond the six months limitation period allowed by statute for perfecting an appeal is void only in so far as it purports to authorize taking one or more of the necessary steps to perfect an appeal after the expiration of such limitation period. Such order is irregular only in so far as it fails to require that all or some of the necessary steps above referred to be taken within the time authorized by law. The order is subject to correction by subsequent order shortening the time if the subsequent order is made prior to the expiration of the statutory period for perfecting an appeal."

The motion to dismiss the appeal must be, and is, denied.

Plaintiff in error, herein referred to as plaintiff, sues defendant on a disability rider, attached to a life insurance policy issued September 28, 1927, effective from August 23, 1927. The provisions thereof involved herein are:

"Section A—Permanent Total Disability. 1. Disability benefits shall be effective upon receipt at the Company's Home Office, before default in the payment of premium, of due proof that the insured became totally and permanently disabled after he received this policy and before its anniversary on which the insured's age at nearest birthday, if a male, is sixty years, or if a female, is forty-five years.

"Disability shall be deemed to be total whenever the Insured becomes wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit, and under this contract disability shall be presumed to be permanent after the Insured has been continuously so disabled for not less than six months and during all of that period prevented from engaging in any occupation for remuneration or profit. The permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, shall be considered total and permanent disability without prejudice to other causes of disability.

"2. Income Payments: The Company will pay the insured, or if such disability results from insanity will pay the beneficiary

in lieu of the Insured, a monthly income of one per cent. of the face of the Policy on the first day of each calendar month during the continuance of such disability, but in no event are such payments to be continued beyond the maturity of the Policy by death or as an endowment. The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability or proof of continuous total disability for six consecutive months, as above. Any income payments becoming due before the Company approves the proof of disability shall become payable upon such approval, and subsequent payments will be made as they become due.

"3. Waiver of Premiums: The Company will waive payment of any premium falling due after approval of such proof of disability and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the policy, but if due after receipt of said proof will, if paid, be refunded upon approval of such proof. * * *

"5. Recovery from Disability: The company may from time to time demand due proof of the continuance of such total disability, but not oftener than once a year after such disability has continued for two full years. and upon failure to furnish such proof, or if it shall appear to the Company that the Insured is able to engage in any occupation for remuneration or profit, income payments shall cease and the payment of any premium thereafter falling due shall not be waived.

"6. Automatic Cancellation: The provision for permanent total disability benefit shall automatically become null and void without action on the part of the Company or notice to or from the Insured (1) upon default in the payment of any premium under said policy or any additional premium required hereunder. * * *"

Plaintiff alleged in substance that on February 28. 1928, while said policy was in full force and effect, he received a personal injury through external, violent, and accidental means, viz., being shot through the left arm, whereby he became permanently disabled and thereby prevented from prosecuting his occupation, that of an oil field worker, or any other gainful occupation; that he has performed all the conditions on his part to be performed, and within 60 days after said accidental injury he gave defendant due and legal notice and proof of the injury and disability, and demanded payment under the terms of said policy, claiming $25 per month for a period of four years, in the sum of $1,200, was then due him.

Defendant answered admitting execution and delivery of the policy, and payment of one year's premium, alleging the same was for the year beginning August 23, 1927; it denied that plaintiff on February 28, 1928, became and thereafter remained totally and permanently disabled; it then pleaded that plaintiff had failed to pay the annual premium falling due August 23, 1928, and that said policy lapsed and became nu'l and void after the 23rd day of August, 1928. It denied that plaintiff furnished defendant with due proof of disability before default in payment of premium which became due August 23, 1928.

Plaintiff in reply pleaded the waiver of payment of the premium as provided in paragraph 3 of the rider, and alleged that he appeared personally before the state agent of defendant company, who, he alleged, had fu'l authority to act for and bind defendant company, and was informed by said agent that plaintiff's injury was recognized and approved, but that payment under the policy could not begin before the expiration of six months from the date of the injury; he also alleged that he had given defendant written notice, by enclosing same in an envelope addressed to defendant at its home office at Topeka, Kan., with postage fully prepaid, and with plaintiff's return address thereon, and deposited same in the post office, and the said letter had never been returned to him.

The cause was tried to the court, without a jury, resulting in a finding and judgment for defendant, and plaintiff appeals.

The principal contention of plaintiff in error is that the judgment entered is contrary to the findings of fact, and that the court erred in rendering judgment for defendant, and in not rendering judgment for plaintiff under the findings of fact.

The record is unusual in that there was no request for special findings of fact made before or during the trial. The journal entry of judgment signed by the trial judge and filed in the case of itself makes no special finding of fact. Therein the court says:

"* * * The court finds: All the issues involved herein in favor of the defendant, the Kansas Life Insurance Company, a corporation, and against the plaintiff, George D. Peebles; and that judgment should therefore be rendered in favor of the defendant and against the plaintiff herein."

But the record shows that the cause was set for trial October 28, 1932, and on that date the testimony of one witness was taken

and the further hearing was postponed. Thereafter, January 11, 1933, the balance of the evidence was taken, and at the close thereof the court said: "I will take this case under advisement and both sides will submit written briefs."

Thereafter, but sometime before March 25, 1933, the court sent the attorneys, for both sides, a letter apparently expressing the view of the court on the question of fact and law in the case, and announcing that he wou'd on Saturday, March 25th, enter judgment for defendant. However, it appears that judgment was actually entered April 3rd, but the journal entry was not filed until April 8th.

On April 8th, the record shows the following proceeding:

"By Mr. Andrews: The plaintiff asks permission of the court to file a letter addressed by the court to J. A. Andrews and Joseph C. Looney, as his written findings of facts and conclusions of law. By Mr. Looney: To which offer the defendant excepts as incompetent, irrelevant and immaterial, and for the further reason the same comes too late, and for the additional reason the same was not written or certified by the court as his findings of facts and conclusions of law in connection with this case or his judgment therein. By the Court: Overruled, with this additional observation, that this letter was not intended perhaps for findings of facts but it does contain my idea of the facts and the law. By Mr. Looney: To which ruling of the court the defendant excepts in each of said cases."

The letter appears in full in the record, but was not incorporated in the journal entry of judgment, nor is it marked filed in the case.

The contention of plaintiff is that if this letter be considered as a finding of fact, it appears that the court found that plaintiff was totally disabled; that he notified defendant thereof, but that said notice was given before six months from the date of the injury, and concluded that such notice could not be effectively given until after six months had elapsed after the injury, and that before such notice could be legally given the second annual premium fell due, and was not paid, and therefore the policy lapsed before the time arrived when defendant could and would waive the payment of the premium.

Defendant contends that the letter referred to is not entitled to be considered in any way as a part of the findings of fact for the reason that judgment had been rendered at the time request was made to consider said letter as findings of fact.

The record does not disclose when the journal entry of judgment was actually signed by the judge. It recites that such judgment is rendered on April 3, 1933, but it was not filed until April 8th, and this was the same day that the court entered an order permitting the letter to be filed and considered as the court's "written findings of facts and conclusions of law."

It may be conceded that a trial court is not required to make separate findings of fact unless request therefor is timely and within the provisions of section 556, C. O. S. 1921. But it does not necessari'y follow that the court may not, of its own motion, make separate findings of fact. If the court may do so, then such findings should be considered to the same extent as if made at the request of either party and under section 556, supra. The order permitting the letter to be so considered appears to have been made during the same term in which the judgment was rendered. The court had full power under section 810, C. O. S. 1921, to so modify its judgment or order made at the same term.

We may therefore consider and treat the letter as separate findings of fact and conclusions of law as though made by the court of its own motion at the time judgment was entered, though not intended as such at the time it was written. Except for the order of the court made April 8th, it could not be so considered.

It may be said, then, that the court found as a fact that plaintiff was totally disabled, and that plaintiff gave notice thereof to defendant, but before the lapse of six months after plaintiff's injury. And that another premium fell due during such six months and was not paid.

The court concluded as a matter of law that payment of the premium falling due August 23rd was not waived, and that before plaintiff could recover he must have paid the premium, and then, after six months from the date of injury, have notified the company, and in such case if his disability had continued for six months, he would have been entitled to return of the premium so paid.

If the court erred in the conclusions of law as applied to the facts found, the judgment should be reversed, although there be sufficient evidence to support the findings of fact. The uncontradicted evidence is that plaintiff

was totally disabled, and that such disability continued for at least one year from the date of his injury. It was therefore of such nature that it would have been presumed to have been permanent under the terms of the rider after it had continued for six months.

The only question, then, in order for plaintiff to recover for a period of at least one year, is whether notice could be given before the expiration of six months, and if so given and the injury was such as to actually totally disable plaintiff (for six months or longer), was payment of the premium falling due August 23, 1928, waived?

The trial court held that the payment of premium was due, but not waived and held that the case of Mid-Continent Life Ins. Co. v. Skye, 113 Okla 184, 240 P. 630, was controlling on that point. If the conclusion of law is correct, then the judgment must be affirmed.

The waiver of premium clause in the policy under consideration in the Mid-Continent Insurance Company v. Skye, supra, differs from the one here involved. There the rider provided that before the premium could be waived the proof of injury must show that it had then continued for a period of at least 60 days. Here the policy provides for the payment of benefits when and only when, before default in the payment of premium, the insurer receives due proof that insured became totally and permanently disabled after he received his policy, and before he had reached the age of 60 years, according to his birthday nearest the anniversary of the policy.

The injury is total, except in loss of certain members, when insured is thereby prevented from engaging in any occupation whatever for remuneration or profit, and is presumed to be permanent (except in case of loss of certain members) after insured has been continuously so disabled for not less than six months.

Thereunder no injury (disability) such as here involved (except certain specific injuries not here involved) would raise a presumption of permanency until six months had elapsed.

The waiver of premiums clause is that the company will waive payments of any premium falling due after approval of proof of such disability, and during such disability. What disability? Total and permanent disability. (This means, and could mean nothing short of disability such as here involved that would presumably be permanent be

cause it had continued for a period of not less than six months). No premium falling due before that time had elapsed was waived under the terms of the policy. Unless it had continued for six months there could be no presumption that the disability would be permanent, and if not permanent, or presumed to be so, no benefits were due. Whatever the proof may have been as to the nature of plaintiff's injury, or extent of disability, any premium falling due before six months had elapsed from the date of the injury must have been paid in order to keep the policy alive.

The presumption of permanency of such disability of insured as here shown would not apply until the elapse of six months.

Payment of premiums falling due thereafter was waived, but not those falling due before.

It being admitted that a premium fell due August 23, 1928, and was not paid, and that the injury was February 28, 1928, six months had not elapsed before the premium fell due.

The contention of defendant that the policy lapsed August 23, 1928, must be sustained.

The judgment is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.