CITY OF TULSA v. BLISS.

No. 30949.   June 6, 1944.

*149 P. 2d 507.*

E. M. Gallaher, L. A. Justus, Philip J. Kramer, and C. Lawrence Elder, all of Tulsa, for plaintiff in error.

Wm. Blake, of Tulsa, for defendant in error.

BAYLESS, J. Lee Bliss instituted an action in the district court of Tulsa county against City of Tulsa, Okla., a municipal corporation, for the purpose of recovering salary for a period of time during which he claims he was "an illegally discharged mechanic." The jury's verdict was for the city, but the trial court granted plaintiff's motion for new trial, and the city has appealed.

The order of the trial court granting the new trial does not contain any stated reason for granting the motion although there is incorporated in the record the remarks of the court at the time he heard the motion and the colloquy between court and counsel relating thereto wherein the reasons given by the trial court appear. Ordinarily these remarks do not properly constitute a part of the record and are not referred to by this court for the purpose of determining upon what basis the trial court took the action complained of.

The rule in this state is that the granting of a motion for new trial by the trial court is so much within the discretion of the trial court that the ruling thereon will not be reversed on appeal unless it is manifest that the trial court clearly erred in respect to some pure, simple, and unmixed question of law. Jarecki Manufacturing Co. v. Thames, 151 Okla. 234, 3 P. 2d 428; Cosden Pipe Line Co. v. Lewis, 190

Okla. 523, 125 P. 969, and other cases found in 2 Oklahoma Digest (West) Appeal and Error Key No. 977 (3).

For this reason the order of the trial court granting the motion for new trial will not be disturbed on appeal, and the action of the court in so doing is affirmed and the matter is remanded to the trial court for further proceedings.

CORN, C. J., GIBSON, V. C. J., and HURST, DAVISON, and ARNOLD, JJ., concur.