## MONTGOMERY WARD & CO. v. CURTIS.

No. 31635. Jan. 23, 1945.

*155 P. 2d 248.*

Brown Moore and Guy Horton, both of Stillwater, and Johnson & Jones, of Bristow, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

CORN, J. This is an appeal from an order of the trial court granting a new trial. On the 28th day of August, 1942, the plaintiff, Ruby Curtis, began an ac-

tion in the district court of Creek county against the defendant in which she alleged that on the 31st of January, 1942, she slipped and fell while going into the defendant's store in the city of Cushing, Okla., to do some trading; that she slipped upon some ice which the defendant had negligently permitted to freeze upon the entrance to defendant's store.

Defendant filed a general demurrer to plantiff's petition. Said demurrer was overruled by the court, and exceptions saved, and thereafter the defendant filed an answer. The case was tried on the 30th day of December, 1942, and the jury returned a verdict in favor of the defendant. On the 31st day of December, 1942, the plaintiff filed a motion for a new trial, and on the 3rd day of March, 1943, she filed a petition for a new trial.

After a hearing on the motion and petition for a new trial, the court made the following finding in part, to wit:

" . . . and the court being well and duly advised in the premises, finds that both the motion for a new trial, and the petition for a new trial hereinabove mentioned should be sustained and granted; . . . "

The petition for a new trial is based upon the ground of newly discovered evidence. Not that alone, however, for the petition for a new trial states, among other things, as follows:

" . . . that a motion for a new trial was filed by the plaintiff which is now pending; that supplementing such motion for a new trial, the plaintiff alleges that she has discovered new evidence material to the issue . . . "

Therefore, it will readily be seen that the petition for a new trial ties in with the motion for a new trial and contains an additional reason why a new trial should be granted.

The original motion for a new trial, filed within three days succeeding the trial, submitted to the trial court the question of approval or disapproval of the verdict. No request was made by

opposing counsel that the trial court set forth the specific grounds upon which the order granting a new trial was based. The court granted the motion for a new trial in its entirety. Therefore, he exercised his judicial discretion by disapproving the verdict, and that action is controlling upon appeal.

The function of the trial court in considering a motion for a new trial is well stated in W. T. Rawleigh Co. v. Cate et al., 170 Okla. 38, 38 P. 2d 940, and cases cited therein.

See, also, A. & A. Taxicab Co. v. McCain, 179 Okla. 492, 66 P. 2d 17.

Judgment of the trial court affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.