## CITY OF BLACKWELL v. MURDUCK et al.

No. 33445. Nov. 15, 1949.

*212 P. 2d 135.*

John S. Burger, City Atty., Rodgers & Gurley, and Payton E. Brown, all of Blackwell, for plaintiff in error.

Irving D. Ross and David Ross, both of Newkirk, for defendants in error.

LUTTRELL, J. This action was brought by Wilbur Murduck and others as plaintiffs against the city of Blackwell, a municipal corporation, for damages to the land of plaintiffs, caused by the construction of Lake Blackwell and the subsequent obstruction by silt of a drainage tile running from the land of plaintiff into the stream across which a dam was constructed in forming the lake. The jury returned a verdict for defendant, and the trial court sustained plaintiffs' motion for a new trial. Defendant appeals.

From the record it appears that the motion of plaintiffs for a new trial was filed during the term, and sustained after the expiration of the term. The trial court in sustaining the motion stated that in its judgment the verdict was contrary to the weight of the evidence; that there was misconduct of the jury; that there was a possibility of an error of law on the part of the court during the trial, and that these facts, taken in connection with the fact that in a previous trial a demurrer to the plaintiffs' evidence had been sustained, and the judgment in that case had been reversed by this court (Murduck v. City of Blackwell, 198 Okla. 171, 176 P. 2d 1002) might lead plaintiffs to believe that they could not obtain a fair trial in the district court.

Defendant on appeal contends that the action of the court was arbitrary; that the court manifestly erred in unmixed questions of law, and clearly abused its discretion in sustaining the motion. Examination of the record, however, convinces us that the contentions of defendant may not be sustained.

We have in many cases held that during the term at which a judgment was rendered the trial court was vested with inherent power to set aside the verdict of the jury and grant a new trial if, in its judgment, the losing party had not obtained substantial justice.

In Alexander v. Alexander, 179 Okla. 614, 67 P. 2d 33, a case in which the reasons given by the trial court for sustaining the motion for new trial were very similar to the reasons given by the trial court in the instant case, we said:

"A district court is vested with judicial discretion in order that justice may be done to the litigants in a case. When the court is convinced that justice has not been done, and that either party to the action has not had a fair trial, it is not only the court's privilege, but its solemn duty, in the interests of justice, to grant a new trial. The power to grant new trials is in its inception a common-law right inherent in all courts of general common-law jurisdiction.

"'The trial court should set aside the verdict of a jury unless it is satisfied that substantial justice has been done.' Linderman v. Nolan, 16 Okla. 352, 83 P. 796, 797."

Where the motion is filed within the term the fact that it is not passed upon until after the expiration of the term in no wise restricts the power or discretion of the court to act. Blake v. Baker, 66 Okla. 88, 167 P. 329; Riddle v. Cornell, 192 Okla. 232, 135 P. 2d 41; Phillips Petroleum Co. v. Davis, 194 Okla. 84, 147 P. 2d 135.

While the defendant urges that plaintiffs waived the misconduct of the juror by not reporting it to the trial court promptly after they knew of such misconduct, we think the trial court was entitled to consider it in determining whether or not plaintiffs had had a fair trial, although perhaps defendant could not have urged it as error in this court.

Affirmed.