HAYS TRUCKING CO., Inc., et al. v. MAXWELL.

No. 35643.

Supreme Court of Oklahoma.

Sept. 22, 1953.

458

Draper Grigsby, Grigsby, Foliart & Hunt, J. H. Hewett, and Mosteller, McElroy & Fellers, Oklahoma City, for plaintiffs in error.

E. P. Ledbetter, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

Defendant in error instituted this action as plaintiff, against plaintiffs in error, as defendants, to recover damages allegedly incurred by her when she ran her automobile into the rear of a truck belonging to the plaintiff in error, Hays Trucking Company, Inc. As this trucking company is the only defendant hereinafter necessary to mention, our further reference to the parties by their trial court designations will exclude its insurer, Highway Insurance Underwriters.

The negligence alleged to render defendant liable for the collision was its leaving its truck parked on South Agnew Avenue, in Oklahoma City, at night without lights or other warning devices. The particular location at which the truck was parked was near a street light, and one defense raised was that plaintiff could or should have been able to see the parked truck in time to have gone around it, using the remaining 56 foot width of the street. Plaintiff, in an effort to refute this claim or defense, introduced evidence to show that in the exercise of reasonable care, she could not see the truck until she was directly upon it. Some of this evidence consisted of testimony to the effect that the street light near the scene had a metal shield over it that had the

effect of casting a shadow upon the scene of the accident. As it appeared that the condition of this light had been changed between the date of the collision, and the trial, the attorney for the plaintiff procured the giving by the court of an admonition to the jury, after the evidence was in and the case was being submitted to it, not to visit the scene of the accident. Immediately upon the returning of a verdict for the defendant, on April 17, 1951, the attorney for the plaintiff learned from one of the jurors that he and another juror had visited the scene of the accident one evening on their way home, before their deliberations were complete; and, the trial judge having retired to his chambers, said attorney went there and called this to his attention immediately after the jury had been discharged and before all of its members had left the court room. Within three days thereafter, plaintiff filed a motion for new trial which included, among other statutory grounds, the allegation that the verdict was contrary to the evidence and the further allegation of "mis-conduct of certain members of the jury contrary to admonition of the court in viewing the premises and informing the other jurors of their observations made by such juror." Attached to this motion was an affidavit of one of plaintiff's attorneys containing allegations of substantially the same undisputed facts we have hereinbefore stated concerning what one of the jurors had told him immediately after the jury had been discharged. After hearing argument on this motion, the trial judge took his decision on the matter under advisement. Thereafter, in December, 1951, he mailed to the attorneys for the parties a paper entitled: "On Motion for New Trial." On this undated paper, the judge made various observations concerning the merits of the motion and gave a sort of a digest of the authorities on the points he regarded as raised by the motion, and concluded the writing as follows: "The Motion for New Trial is overruled. Exceptions." This so-called memorandum opinion was never filed in the records of the case and no minute or other record thereof was made therein.

Thereafter, in February, 1952, plaintiff filed what was denominated: "Motion to Correct Record and for Further Argument on Motion for New Trial." At the conclusion of a regularly scheduled hearing on this motion, the court entered a general order granting plaintiff a new trial, containing no mention of the grounds upon which said action was based. At the hearing, however, the court's views on the matter were indicated in the following oral remarks:

"Now, on this motion for new trial, I would have stuck to that written opinion, but the matter has been in my file since the summer of last year, and I checked those files about every two weeks and did some independent work on it myself, and I have come to the conclusion that I might have been wrong in that opinion. I have come to the conclusion that the way this matter came up with the jurors, that under those circumstances that at least one, maybe two or more did view these premises, in the nature of this case I would be inclined to think that influenced the verdict. Furthermore, I have serious doubt in my mind as to whether or not the instruction on unavoidable accident is a valid instruction under the law as it now seems to exist. I don't know what that is. I am not satisfied with the verdict at this time."

In this appeal from the order and judgment sustaining plaintiff's motion for new trial, defendant first asserts that the trial judge's above described "opinion" mailed to the attorneys in December, 1951, was a final judgment on the merits of plaintiffs' motion for a new trial, and being a final conclusion and disposition of the litigation, the court was without authority or jurisdiction to vacate or modify it after the term at which the verdict was rendered, except for the cause of newly discovered evidence as specified in 12 O.S.1941 § 651. Its counsel says that plaintiffs' "Motion to Correct Record and for Further Argument on Motion for New Trial" was in reality a second motion for a new trial filed after a final order or judgment on the first one, and was

not authorized anywhere in our code of civil procedure, citing United States Smelting Co. v. McGuire, 123 Okl. 272, 253 P. 79; Taliaferro v. Bates, 123 Okl. 59, 252 P. 845; J. R. Watkins Medical Co. v. Lizar, 78 Okl. 302, 190 P. 552; and many other cases to the effect that when a particular term of the district court ends, all final orders or decrees pass beyond its control. Plaintiff does not take issue with the general proposition, but says it does not apply here because the record shows that no final order or decree had ever been entered on her motion for a new trial, which was timely filed, and that the "opinion" mailed to the attorneys in no way constituted such an order or decree. With her position, we must agree. It is well settled that such expressions by the court are no part of the judgment roll and have no standing as an order or decree or part thereof, unless directly incorporated in such order, decree or judgment, or made a part thereof by separate order. De Watteville v. Sims, 44 Okl. 708, 146 P. 224; 30 Am.Jur. 824, Secs. 8 and 9; 2 Am.Jur. 225, 226, Sec. 595, Notes 16, 17, 2, and 3; 49 C.J.S., Judgments, § 4, page 28. In this connection, see also Tillman v. Tillman, 199 Okl. 130, 184 P.2d 784; Miller v. Young, 197 Okl. 503, 172 P.2d 994; City of Tulsa v. Bliss, 194 Okl. 255, 149 P.2d 507. In many material respects the facts with reference to the "opinion" of the trial judge are similar, with one decisive difference to the situation in Peebles v. Kansas Life Ins. Co., 175 Okl. 231, 52 P.2d 747, 750, described in our opinion therein as follows:

"Thereafter, January 11, 1933, the balance of the evidence was taken, and at the close thereof the court said: 'I will take this case under advisement and both sides will submit written briefs.'

"Thereafter, but some time before March 25, 1933, the court sent the attorneys, for both sides, a letter apparently expressing the view of the court on the questions of fact and law in the case, and announcing that he would on Saturday, March 25, enter judgment for defendant. However, it appears that judgment was actually entered April 3, but the journal entry was not filed until April 8.

\* \* \* \* \* \*

"The letter appears in full in the record, but was not incorporated in the journal entry of judgment, nor is it marked filed in the case.

\* \* \* \* \* \*

"Defendant contends that the letter referred to is not entitled to be considered in any way as a part of the findings of fact for the reason that judgment had been rendered at the time request was made to consider said letter as findings of fact.

\* \* \* \* \* \*

" \* \* \* this (April 8) was the same day that the court entered an order permitting the letter to be filed and considered as the court's 'written findings of facts and conclusions of law.'

" \* \* \* The order permitting the letter to be so considered appears to have been made during the same term in which the judgment was rendered. The court had full power under section 810, C.O.S.1921 [12 O.S.1951 § 1031], to so modify its judgment or order made at the same term. We may therefore consider and treat the letter as separate findings of fact and conclusions of law as though made by the court of its own motion at the time judgment was entered, though not intended as such at the time it was written. *Except for the order of the court made April 8, it could not be so considered.*" (Emphasis added.)

The fact that in this case, the views of the trial judge were reduced to writing or were given in the form of a written memorandum is of no significance since they were not filed in and became no part of any order in, or of the judgment roll in, the case. See In re Garland, 52 Okl. 585, 153 P. 153. This writing's recital that "the motion for new trial is overruled" did not make it an order. City of Tulsa v. Kay, 124 Okl. 243, 255 P. 684; Lillard v. Meisberger, 113 Okl. 228, 240 P. 1067. It would not even appear in the case-made had it not been introduced by defendant as an exhibit at the second and last hearing on plaintiff's motion for a new

trial. It is of some significance that the trial court nowhere in the record referred to this so-called "Opinion" as an order. We think it can be inferred from his remarks that he did not intend it or consider it as such. In this connection consider Mabry v. Baird, 203 Okl. 212, 219 P.2d 234. In their briefs, defense counsel argues that none of the above cases are applicable here because their facts do not exactly coincide with those here presented. However, we think the principles therein enunciated and applied are applicable, and, in conformity therewith, we hold that the writing entitled "On Motion for New Trial" was not a judgment or order, and constituted no impediment to the trial court's jurisdiction to subsequently act on the plaintiff's motion for a new trial, and in no way affected the period in which such action could properly be taken. In this connection, see City of Blackwell v. Murduck, 202 Okl. 216, 212 P.2d 135, in which the motion for new trial was filed before, but no action upon it taken until after the expiration of the term.

Defendant next urges that even if the trial court had jurisdiction to grant plaintiff a new trial, its order doing so constituted an abuse of discretion or error on an unmixed question of law, (1) because the verdict of a jury cannot be impeached by an affidavit of one or more of its members, let alone such a statement by one of the losing party's attorneys; and (2) because the trial judge's remarks at the time he granted the new trial show that his decision to do so was based not only on misconduct of some of the jurors, but that he had the mistaken idea that he had erroneously given the jury an instruction on "unavoidable accident." Counsel take the position that such instruction was proper in view of the pleadings and proof in this case. Plaintiff maintains (1) that these remarks are entitled to no more consideration than the court's earlier views expressed in his written opinion of December, 1951, and that they are immaterial, but that, even though they are considered, (2) they do not affirmatively reveal that his action in granting her a new trial was an error or an abuse of discretion, or was based solely upon the view that the verdict had been impeached and its previous instruction as to unavoidable accident should not have been given. One of the authorities cited for her position is Alexander v. Alexander, 179 Okl. 614, 67 P.2d 33, 35, wherein her counsel points out that, as in the instant case, a new trial was granted by general order, but when requested to specifically state his reasons for such decision, the trial court replied:

"Well, there isn't anything much more specific than that. I feel that the facts as were developed upon the voir dire examination of the jury and the conduct of the jury in the case, and the evidence in the case, the case perhaps could have been decided either way, but in the manner it was decided, I am convinced that they did not give the plaintiff a fair trial."

In comparing the trial judge's remarks in this case with those of the trial judge in the above case, plaintiff's counsel say that the expressions here show no more than the judge's opinion that the jury's verdict may have been influenced by the observation of the scene of the accident by one or more of the jurors, that he did not know what the law is as to the validity of an instruction on unavoidable accident in a case of this character, and,—most important—that the trial judge was not "satisfied" with the verdict. They further point out that in the Alexander case, this court upheld the broad discretionary power of trial courts to grant new trials and followed the rule that it is the duty of said courts to set aside verdicts unless they are *satisfied* that substantial justice has been done, and to grant a new trial on their own motion or that of either party, even though it is not claimed in the motion that the trial was unfair. In the above-cited opinion, no expressed consideration was given to any of the trial court's oral remarks, unless it was those in which he indicated his opinion that the plaintiff had not had a fair trial. There the principle was reiterated and applied that failure of the order to show the reason a new trial was granted is insufficient evidence of abuse of discretion, under the rule that the record itself must affirmatively show such abuse in order to warrant reversal of the order. We

think this is a proper application of the rule and is also in harmony with the rule quoted in that opinion from Trower v. Roberts, 17 Okl. 641, 89 P. 1113, 1114, as follows:

"The Supreme Court will not reverse the order of the trial court granting a new trial, unless [the Supreme Court] can see beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some simple, pure, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made, as it was so made, and that it ought not to have been so made."

The above was reiterated in Montgomery-Ward & Co. v. Curtis, 195 Okl. 48, 155 P. 2d 248. In the Alexander case, supra, it was also said:

"There are many things that can occur, and do occur, in the trial of a case, not appearing in the record, that are sufficient to convince the court that a fair trial has not been had. The court sees everything that is done and hears everything that is said, and the attitude and demeanor of the opposing counsel, of the jury, and of the witnesses themselves, and the feeling and bias that is exhibited at the trial of a case, may all be considered by the court in determining whether or not a fair trial has been held."

See also Downing v. Mealy, 204 Okl. 247, 228 P.2d 1008; Belford v. Allen, 183 Okl. 261, 80 P.2d 676; St. Louis-San Francisco Ry. Co. v. Howard, 171 Okl. 561, 43 P.2d 402, and City of Blackwell v. Murduck, supra, [202 Okl. 216, 212 P.2d 136], in which the trial court, in sustaining plaintiff's motion for a new trial, stated, among other things, that there was misconduct of the jury, a possibility of error of law on the part of the court during the trial, and other facts which "might lead plaintiffs to believe that they could not obtain a fair trial". See also Nichols Transfer & Storage Co. v. Lumpkin, 180 Okl. 350, 69 P.2d 640, 641, in which the trial court stated, as he granted a new trial: "I do not agree with the verdict * * *"; and Klopfenstein v. Union Traction Co., 109 Kan. 351, 198 P. 930,

in which the trial judge expressed his dissatisfaction with the trial, and the "feeling" that it had been hurried and that the jury had not grasped his instructions. While oral remarks such as made by the trial judge herein in announcing his judgment "when properly incorporated in the case-made may be considered in determining the correctness of the conclusion on which the judgment is based", to explain the judgment, or to show what considerations influenced the trial judge in formulating it, they may not be considered to vary or impeach the judgment. Miller v. Young, supra, Federal Surety Co. v. Little, 156 Okl. 75, 9 P.2d 447, Rogers v. Harris, 76 Okl. 215, 184 P. 459, and Ruby v. Warrior, 71 Okl. 82, 175 P. 355. See also Brinkley v. Patton, 194 Okl. 244, 149 P.2d 261.

 Here we deem it unnecessary to enter into a lengthy discussion of the trial court's remarks or to determine exactly how they are to be interpreted, and determine whether or not they manifest an incorrect view of the law. As far as the judgment or order itself reveals, it could have been based upon any one or combination of the grounds for a new trial set forth in plaintiff's motion; and it must stand unless incapable of being upheld on any of such grounds. See Carpenter v. Buellesfeld, 187 Okl. 213, 102 P.2d 119 and Young Mines Co. v. Citizens' State Bank, 37 Ariz. 521, 296 P. 247. The question then is: Are the trial judge's oral remarks as to his reasons for granting the new trial—general, comprehensive and indefinite as they are —to be held to overcome the presumption of correctness which accompanies such judgments, Morningside Hospital & Training School for Nurses v. Pennington, 189 Okl. 170, 114 P.2d 943, and constitute the affirmative record showing capable of demonstrating error beyond a reasonable doubt and but for which plaintiff's motion would not have been sustained, which we have seen is necessary to reverse such a judgment? In addition to the other cases hereinbefore cited, see Baker v. Citizens' State Bank of Okeen, 74 Okl. 182, 177 P. 568, and James v. Coleman, 64 Okl. 99, 166 P. 210. In our considered opinion, this question must be answered in the negative. This

court should be slow and reluctant to reverse a judgment of this character and substitute its own for that of the trial court, who, as herein pointed out, is in a position to know many things concerning the trial that we cannot know and that are not always reflected in the record before us. In following its established rule that it will not review an order granting a new trial that does not specify the particular ground on which it is based, the Kansas Supreme Court in Oehlert Tractor & Equipment Co, v. Township Board of Highway Com'rs, 137 Kan. 286, 20 P.2d 527, expressed itself as follows:

"The court has decided many times that it will not review a trial court's order granting a new trial unless that court has specified the particular ground upon which the new trial was awarded and it should happen to be a ground where this court is in as good a position as that of the trial court to determine its merit."

See also Arnold v. Harte, 135 Kan. 142, 9 P.2d 664, and Chop v. Swift & Co., 113 Kan. 371, 214 P. 407, and cases cited therein. In their briefs, defense counsel make no effort to show that the judgment appealed from is untenable on other grounds. As said in James v. Coleman, supra [64 Okl. 99, 166 P. 211]:

"The plaintiff in error has based practically his entire argument on the statement of the trial judge in passing on the motion for a new trial as incorporated in the case-made, and his assignments of error are in the main based on this statement. The practice of inserting in a case-made matters of this kind * * * was condemned in the case of Guss v. Nelson, 14 Okl. 296, 78 P. 170, where it was held that the findings of fact and conclusions of law of the trial court were contained in the journal entry, and not in such oral statement, which could not be considered to control the recitals of the formal entry upon the journal. The same

proposition was again stated in Gates v. Settlers', etc., Reservoir Co., 19 Okl. 83, 91 P. 856, where it was stated that the Supreme Court will only look to the record as embraced in the entry upon the journal. Both these decisions were rendered prior to the admission of the state, since which time we know of no expression by this court upon the subject. In view of this fact, we have made an extended investigation of this question, and we find that the two opinions cited are in harmony with the authorities throughout the country, and are satisfied that the rule is a salutary one and should not be disturbed."

In this case, if defendant were to have launched an effective and successful attack upon the trial court's order, it should have made an effort to have said court's findings and conclusions incorporated therein as may ordinarily be done in judgments generally. See James v. Coleman, supra, and Allen v. Wildman, 38 Okl. 652, 134 P. 1102. If this had been done and defendants had taken exceptions to such findings and conclusions, then they would have been in position to have urged such errors on appeal. As far as this record shows, said counsel made no objection to the wording or form of the judgment or order filed and herein appealed from; on the contrary, the Journal Entry of said judgment appears to bear said attorney's "O. K." It is not the duty or office of an appellate court to search for reasons or grounds upon which to reverse the trial court, 3 Am.Jur. 493, Sec. 925, or to substitute its judgment for that of the trial court, when it cannot be certain just what considerations entered into the formulation of that court's judgment or decision.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and WILLIAMS, JJ., concur.

O'NEAL, J., concurs in result.