## DIXON v. STOETZEL.

No. 18786.　Opinion Filed Nov. 20, 1928.

Rehearing Denied June 4, 1929.

Frank P. Smith and S. H. Horton, for plaintiff in error.

George H. Jennings, for defendant in error.

LEACH, C. This action was commenced in the district court of Creek county by P. L. Stoetzel, defendant in error, against Charles Dixon, plaintiff in error. The petition and supplemental petition filed by the plaintiff below alleged that on August 5, 1926, he, the plaintiff, through his agent and attorney in fact, J. O. Smith, entered into an oral contract with the defendant, wherein he sold

and delivered to the defendant a certain automobile agency for Jordan and Hupmobile products, including certain accessories and equipment, for the sum of $3,000; that defendant paid to plaintiff on the purchase price of such agency the sum of $1,000; that the balance due by defendant was $2000; further alleged that the defendant was about to remove and dispose of the assets of the motor sales agency and the assets of such business, and intended to abandon the contract, and refused to carry out the terms of the sale; and prayed that a receiver be appointed for the property, and that plaintiff recover the sum of $2,000 with interest.

The defendant, Charles Dixon, answered, admitting that he purchased from the plaintiff the agency referred to, and that he was to pay $3,000 for the same, but denied that he was indebted to the plaintiff for the balance of the purchase price, $2,000, because of the fact that the plaintiff, through his agent, had fraudulently induced him to purchase the same by representing that the agency had been carried on at a neat profit; that the volume of business was large; that there had been negotiated two sales of automobiles and that all there remained to be done was to deliver the cars to the respective purchasers and collect therefor; that such representations were untrue, and that when defendant learned the same, he turned the agency back to the plaintiff, and prayed that plaintiff take nothing; and by way of cross-petition, he, defendant, alleged that he had been induced by fraud to purchase the agency and pay $1,000 on the purchase price thereof, and prayed a recovery for the sum of $1,000, the amount paid by him on the purchase price, and for the further sum of $250 damages.

A reply was filed by the plaintiff, and upon a trial of the cause to the court, without a jury, judgment was rendered in favor of the plaintiff for the sum of $2,000 with interest.

Upon denial of motion for a new trial, the defendant brings this appeal and sets up several grounds of error for a reversal of the judgment, which are presented and argued in the brief of the plaintiff in error under the following heads:

"(1) The trial court erred in holding that the plaintiff in error did not proceed with proper diligence.

"(2) The court erred in holding that we did not return or offer to return or tender all that we had received.

"(3) The court erred in not holding that plaintiff in error was entitled to rescind un-

der the evidence, record and pleadings in the case.

"(4) The court erred in overruling and in not sustaining motion for a new trial."

The first two propositions above stated and presented by plaintiff in error are based upon the remarks or statements of the court, which are incorporated in the case-made and evidently copied from the notes of the court reporter. Upon the conclusion of the evidence, the trial judge orally reviewed certain features of the evidence and expressed his opinion as to the law applicable to the case, relating to a rescission of a contract and return or offer to return the property taken under the contract, in which he indicated that it was the opinion of the .court that the defendant, plaintiff in error here, had not met the requirements of the law with reference to rescission, and having so failed he could not recover.

No request was made by either of the parties for any special findings of fact and conclusions of law. The oral remarks of the court were not incorporated in or made a part of the journal entry. The journal entry recited in part as follows:

"—and now, on this, the 1st day of March, 1927, the court * * * being well and sufficiently advised in the premises, and on consideration thereof, finds the issues in favor of the plaintiff and against the defendant. The court finds that there is due and owing to the plaintiff the sum of $2,000 with interest at the rate of six per cent. per annum from the 1st day of September, 1926."

The first two specific propositions advanced and argument made thereon by the plaintiff in error cannot be considered, except in so far as the argument applies to the insufficiency of the evidence to sustain the judgment, because they are based upon the oral remarks of the court which are no part of the judgment of the court.

In the case of Guss v. Nelson, 14 Okla. 296, 78 Pac. 170, the territorial Supreme Court said:

"Where, at the conclusion of a trial had before the court without a jury, the court orally reviews the evidence, and expresses its opinions upon the law and the facts involved in the case, and where there are no special findings of fact and conclusions of law asked for, and where the findings and judgment of the court are embodied in a journal entry, the oral opinion expressed by the court performs no office in a case-made, and cannot be considered by this court on appeal from a judgment of the trial court."

The holding and rule announced above

has frequently been referred to and followed in the later decisions of this court: Ruby v. Warrior, 71 Okla. 82, 175 Pac. 355; Gates v. Settlers', etc., Reservoir Co., 19 Okla. 83, 91 Pac. 856; James v. Coleman, 64 Okla. 99, 166 Pac. 210; Holt v. Spicer, 65 Okla. 17, 162 Pac. 686; Watashe v. Tiger, 88 Okla. 77, 211 Pac. 415.

In the case of Watashe v. Tiger, supra, the trial court made certain specific findings of fact which it was contended were inconsistent with the judgment, and this court in the body of the opinion in referring to the matter said:

"By section 5017, Revised Laws 1910, it is made the duty of the court, upon the trial of questions of fact, to state its findings upon the request of either party, but, in the absence of such request, it is not necessary for the court to make other than general finding for either the plaintiff or defendant, and such request must be made before the decision of the court is announced. These findings of fact, having been made without the request of either party and being voluntary on the part of the court, amounted to no more than a general finding, and will be so considered by this court"

—and in the syllabus, said:

"In a civil action, triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding; and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed."

The defendant below, plaintiff in error here, at one time filed a demand for a jury trial, stating that the action was one for the recovery of money, but apparently at a later date withdrew such demand and waived a jury, and now, upon appeal, says the action is an equitable one for the rescission of a contract, and that this court should consider and weigh the evidence, while the defendant in error contends the action is a law action. Applying the equitable rule, without deciding whether the same is an equitable or law action, we have read the entire record in this cause and are unable to conclude or say that the judgment of the court is against the clear weight of the evidence.

The assignments of error by plaintiff in error merely go to the insufficiency of the evidence to sustain the judgment, and we are of the opinion that the judgment is not against the clear weight of the evidence; therefore, the judgment should be affirmed.

The defendant in error asks that judgment be entered by this court on a supersedeas bond, a copy of which is included in the case-made in this cause. In addition to affirming the judgment of the trial court, we hereby render judgment in favor of defendant in error against the plaintiff in error, Charles Dixon, and against Wm. Johnston and Anton Copenhaver, on the supersedeas bond filed in this cause, for the sum of $2,000, with interest thereon at six per cent. per annum from September 1, 1926, and for costs of this action for which let execution issue.

BENNETT, TEEHEE, FOSTER, and REID, Commissioners, concur.

By the Court: It is so ordered.