## SAVERY v. MOSELY.

No. 27742.    Jan. 11, 1938.

Rehearing Denied March 1, 1938.

Leo G. Mann, for plaintiff in error.

B. B. Blakeney, W. R. Wallace, Earl A. Brown, and B. B. Blakeney, Jr., for defendant in error.

GIBSON. J.    This is an action in ejectment and to quiet title based upon a tax deed, commenced by plaintiff in error in the district court of Johnston county against defendant in error and certain others not parties here.    The parties in error are hereinafter referred to as plaintiff and defendant, respectively.

On November 19, 1934, plaintiff obtained a judgment as prayed for in his petition, which judgment was on March 31, 1936, vacated upon petition of the defendant.    Thereafter plaintiff filed his petition to vacate the latter order.    Defendant then renewed his petition to vacate the original judgment of November 19th.    At a hearing on these petitions the court vacated its order of March 31st, and also vacated its judgment of November 19th, and proceeded to trial upon the merits of the cause, resulting in judgment for defendant quieting his title to the premises involved, and plaintiff has appealed.

The principal assignment questions the trial court's authority in vacating the judgment of November 19, 1934.

Defendant's petition to vacate was filed July 29, 1935, after the term at which said judgment was rendered.    The allegations attempt to charge plaintiff with fraud upon the court in obtaining the judgment.    The alleged fraud arose by reason of plaintiff's failure to advise the court that plaintiff had filed another, and inconsistent, action in the same court, which action, defendant asserts, constituted a retraxit, or an abandonment or renunciation of the ejectment suit. It is the defendant's contention that had the trial court been advised of this second action, the judgment of November 19, 1934, would not have been rendered.

The second action as aforesaid filed by plaintiff was against Johnston county and

sought judgment against the county for money paid out for the tax title here involved and for sums paid out for other titles based upon the same tax sale. The action was based upon the alleged invalidity of the tax sale, and was pending when the judgment of November 19th was entered. Subsequent to the judgment plaintiff dismissed his refund action against the county as to the property involved in the instant case, but proceeded to judgment for the sums paid out under the same sale for other deeds.

The proof supports the foregoing allegations with reference to the inconsistent nature of the two lawsuits. But we cannot agree that the filing of the second action constituted a retraxit with reference to the present action. If that had occurred, the ejectment action was no longer pending when the court rendered judgment, and we would be compelled to hold that the court was without jurisdiction to render judgment. A retraxit is a formal and voluntary renunciation in open court of a cause of action therein pending (18 C. J. 1148) ; and the effect thereof is a dismissal of the cause with prejudice. Amos v. Johnston, 162·Okla. 115, 19 P. (2d) 344. Plaintiff did not appear in court and make final and formal renunciation of his claims upon which his ejectment action was based, and he did not dismiss said action with prejudice, as the defendant would appear to contend. It is true that plaintiff was attempting to maintain two separate actions against different parties wherein the allegations of one were negatived by the allegations of the other. But he was pursuing different remedies against different parties. We know of no statute or rule of law in this state prohibiting such procedure. The question of abatement does not enter here, for, assuming that the circumstances furnished proper ground for abatement, the defendant made no move toward that end. We find no merit in the allegations of fraud and the argument in support thereof.

Defendant says the judgment of November 19th was void on its face and therefore subject to attack at any time. Section 563, O. S. 1931.

We fail, however, to find any indication of its invalidity upon the face of the judgment roll. The tax deed is set out and made a part of the petition in ejectment, but defendant fails to point out wherein the deed is void upon its face, and we find no fault with it. The petition states a cause of action. The judgment was within the issues and rendered after trial, with defendant represented by counsel, who stated that there was no objection to entering the judgment. The judgment became final, and the trial court, after term, was without jurisdiction to modify or vacate the same except upon grounds duly assigned, presented and established as authorized by statute. In this the defendant has failed. In Taliaferro v. Batis, 123 Okla. 59, 252 P. 845, we held:

"The district courts of this state are without jurisdiction at a subsequent term to take any steps toward vacating, modifying, or opening a judgment of the court rendered at a previous term, unless the provisions of the statute with reference to vacation and modification of judgments and orders are substantially complied with."

Since the judgment of November 19, 1934, was valid on its face, and the allegations of the petition to vacate, together with the evidence in support thereof, were insufficient to constitute fraud, and there being no other statutory ground urged, the trial court erred in vacating said judgment.

The judgment is therefore reversed.

PHELPS. CORN, HURST. and DAVISON, JJ., concur.