## PETTY v. ROBERTS.

*98 P. 2d 602.*

No. 29019.   Dec. 19, 1939.

Ryan Kerr, of Hollis, for plaintiff in error.

Robinson & Oden, of Altus, for defendant in error.

PER CURIAM. On February 10, 1936, the defendant in error commenced an action to foreclose a real estate mortgage, and by amendment to his petition made on March 7, 1936, sought a personal judgment against the plaintiff in error. On June 6, 1936, the plaintiff in error filed in the foreclosure action an answer wherein, after a general denial of the matters alleged in the amended petition, he specifically denied being indebted to the defendant in any amount. On September 17, 1936, the defendant in error filed in said cause a motion for judgment on the pleadings. The cause came on for trial on November 5, 1936, at which time the court found that the motion for judgment on the pleadings should be sustained, but rendered no judgment thereon, and thereupon the parties waived the jury and proceeded to try the cause to the court. The plaintiff in error offered no evidence in his behalf, and the court thereupon found the issues generally and specifically in favor of the defendant in error and specifically found that the plaintiff in error was indebted to the defendant in error in the manner and for the amount set forth in his amended petition, and rendered a judgment against the plaintiff in error for the sum so found due and at the same time entered a judgment foreclosing the lien of the mortgage and directing the sale of the premises described therein. The defendant in error bid in the property at sheriff's sale, which sale the court subsequently confirmed and approved. Thereafter, on August 25, 1937, the plaintiff in error attempted to have the aforesaid sale set aside on account of alleged irregularities in connection therewith. The motion to set aside this sale was heard and denied on September 21, 1937. The plaintiff in error thereupon, on January 26, 1938, filed in said cause a pleading which he denominated "Petition to Set Aside Judgment and Injunction." Therein a vacation was sought of the personal judgment which had been rendered against the plaintiff in error on November 5, 1936, and also to enjoin the sheriff from proceeding with an execution which he held to satisfy a deficiency in said judgment. On August 18, 1938, the court made an order wherein it struck the aforesaid petition from the files and dissolved the temporary injunction which it had theretofore granted in said

cause. The appeal is from the order so made.

The plaintiff in error presents but one contention here, which is that the trial court was without jurisdiction to render a personal judgment against him in the foreclosure action.

While the pleading filed by the plaintiff in error was denominated a petition to set aside a judgment and summons was issued thereon, it contained none of the grounds specified in section 556, O. S. 1931, 12 Okla. St. Ann. § 1031, upon which a district court may vacate its judgments, but rather attacked the judgment on the ground that it was void for the reason that it had been rendered on an issue which was not before the court. Under such circumstances the pleading will be treated by this court as a motion to vacate a void judgment under the provisions of section 563, O. S. 1931, 12 Okla. St. Ann. § 1038. (See Morgan v. City of Ardmore, 182 Okla. 542, 78 P. 2d 785.) Where a judgment is void on account of being outside of the issues, it may be attacked by motion (Hinkle v. Jones, 180 Okla. 17, 66 P. 2d 1073, and cases therein cited). However, it is essential that the judgment so attacked be one which is void on its face before it can be vacated in this manner. Caraway v. Overholser, 182 Okla. 357, 77 P. 2d 688; Savery v. Mosley, 182 Okla. 133, 76 P. 2d 902; Washburn v. Culbertson, 181 Okla. 476, 75 P. 2d 190.

The judgment which the plaintiff in error sought to vacate was one rendered by a court which had jurisdiction over the person of the plaintiff in error, over the subject-matter, and judicial power to render the judgment which it did. Such a judgment is not void within the legal definition of that term. Green v. James, 147 Okla. 273, 296 P. 743; Morgan v. Karcher, 81 Okla. 210, 197 P. 433. The record presents no reversible error. Therefore, the judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.