MILLER v. YOUNG.

No. 32396. Oct. 1, 1946.

*172 P. 2d 994.*

John W. Mee, of Oklahoma City, for plaintiff in error.

Robert W. Maupin, of Oklahoma City, and Denham A. Maupin, of Washington, D. C., for defendant in error.

DAVISON, J. The present action was commenced by defendant in error, as plaintiff, against plaintiff in error, as defendant, to recover the principal sum of $310.50 with interest and attorney fees which was the balance plaintiff alleged defendant owed him for performing 390½ hours of labor on defendant's building under an oral contract whereby she was to pay him one dollar per hour for said labor.

Defendant answered plaintiff's petition by denying generally the allegations of same and denying particularly that she had entered into the contract plaintiff alleged.

Upon the issues joined by these pleadings the cause was tried to the court. The only evidence introduced in support of plaintiff's petition was his own testimony. The testimony of the defendant and her witnesses was in direct conflict with plaintiff's as to the contract. According to them, plaintiff commenced work on the building as a partner of defendant's witness, Walter West, under a written contract introduced in evidence which provided that West would furnish defendant a "turn-key" job for $550, and when West became ill and had to abandon the project, plaintiff agreed to "take over" the contract and complete the job as therein provided, for the unpaid balance of $165 due on said contract price. Defendant's evidence further established that she thereafter made payments totaling $80.25 on this balance, but that after receiving this money, plaintiff abandoned the project, before completing it as provided in the contract, and

the defendant was thereafter compelled to employ others to complete same. As shown by the oral opinion he expressed in rendering judgment, the trial judge found the facts concerning her employment of plaintiff as the defendant and her evidence had presented them, rather than as plaintiff pleaded and testified, but his judgment was for plaintiff in the sum of $84.75 plus interest and attorney's fees. Defendant has appealed.

One of the contentions urged by defendant for reversal is that the contract on which the trial court granted recovery was the oral one whereby plaintiff was to take over West's contract with defendant for a consideration by the latter of $165 (the amount then due thereon)—a contract that was neither pleaded nor proven by plaintiff, but on the contrary was denied by him; and that the uncontradicted evidence revealed that plaintiff never performed his obligation to give defendant a "turn-key" job thereunder, so that the judgment is without the requisite proof to support it. Plaintiff's counsel seems to be of the opinion that the judgment should be affirmed if it can be justified upon any theory, but he fails to point out such theory. There was one bit of testimony to the effect that plaintiff's services were worth 50 or 75 cents per hour instead of $1 per hour as he claimed defendant had agreed to pay him, and by multiplying such sum by the number of hours for which he claimed she was indebted to him a result could be obtained that would approximate or equal the amount for which judgment was rendered. However, there is no evidence in the record to establish any contract, express or implied, between defendant and plaintiff, on a quantum meruit basis, and there is no indication in the record that the case was tried on such theory. The only theory advanced by either party at the trial was one of express contract and the overwhelming weight of the evidence establishes that the only contract under which the labor in question was performed was the oral agreement in which plaintiff agreed to complete the West contract. It is asserted by plaintiff, on the authority of Dixon v. Stoetzel, 136 Okla. 302, 276 P. 730, that the trial court's views as expressed orally at the time of rendering the judgment cannot be considered by this court for any purpose, but such statements, when incorporated in the case-made, may generally be considered for the purpose of determining the correctness of the conclusion announced. Turk v. Warr, 191 Okla. 253, 128 P. 2d 835; Brinkley v. Patton, 194 Okla. 244, 149 P. 2d 261; Rogers v. Harris, 76 Okla. 215, 184 P. 459.

Having determined the correctness of the trial court's conclusion as to the terms of the only contract which existed between plaintiff and defendant, we come now to the question of whether the judgment was correct in allowing plaintiff recovery on said contract. This question must be answered in the negative. It is an elementary principle of the law of contracts that in order to recover upon a contract, the contractor complaining of his contractee's non-performance must first establish his own performance or a valid excuse for his failure to perform. Messick v. Johnson, 167 Okla. 463, 30 P. 2d 176; Am. Jur. vol. 12, p. 881, 887, inclu., 892, 895, incl.; vol. 49, pgs. 53, 54, sec. 40. Since plaintiff failed under the uncontradicted proof to complete the work he contracted to do, without valid excuse for such failure, he was entitled to no judgment against defendant.

According, the judgment appealed from is reversed, with directions to the trial court to set it aside and render judgment for the defendant.

GIBSON, C.J., HURST, V.C.J., and BAYLESS and CORN, JJ., concur.