**James Edward EVANS, Jr., Plaintiff–Appellant,**

v.

**Billie Maxine EVANS, Defendant–Appellee.**

No. 70977.

Supreme Court of Oklahoma.

May 4, 1993.

As Corrected May 5, 1993.

Bennett B. Schlinke, Edmond, for appellant.

Kimber J. Palmer, Oklahoma City, for appellee.

OPALA, Justice.

The narrow issue presented for decision today is whether *a divorce decree rendered before* the effective date of 12 O.S.Supp.1983 § 1289(E)[1] and *before* the Legislature's adoption of 12 O.S.Supp.1987 § 1289(F)[2] may be modified by (a) a postdecree property division or support alimony readjustment to be rested upon an after-enacted spousal right to reach military retirement pension income that was not legally available for consideration at the time of the parties' marriage dissolution or (b) a postdecree increase in support alimony based upon changed circumstances. We answer in the negative.

## I

## THE ANATOMY OF LITIGATION

The appellant, James Edward Evans, Jr, [husband], and appellee, Billie Maxine Evans [wife], were married in 1946. The husband, who had been in the military before his marriage, later re-entered the service. After remaining in that status for seventeen years, he retired and began receiving his military pension. The parties were divorced by an October 12, 1983 decree which divides all their spousal assets[3] and orders the husband to pay the wife $24,000.00 in support alimony at the rate of $400.00 per month for a five-year period. The decree makes no mention of the husband's military retirement benefits.[4]

In her October 5, 1987 quest to modify the divorce decree the wife sought either a distributive share of the husband's military retirement benefits or an increase in her support alimony payment. The husband pressed for dismissal of the wife's modification plea and for an *immediate end* to his support alimony obligation because of his poor health and financial problems.

Military retirement pay law was altered by passage of the Uniformed Services Former Spouses' Protection Act [USFSPA or

1. The first generation of 12 O.S.Supp.1983 § 1289(E) (effective November 1, 1983), renumbered as 43 O.S.Supp.1989 § 134(E) (*now* 43 O.S.1991 § 134(E)), provided:

"Except as otherwise provided in subsection D of this section, the provisions of any divorce decree pertaining *to the payment of support may be modified upon proof of changed circumstances* relating *to the need for support or ability to support* which are substantial and continuing so as to make the terms of the decree *unreasonable to either party.* Only those installments accruing subsequent to the motion for modification may be modified." (Emphasis added.)

Subsection E was amended in 1985 by the addition of terms similar to those now in subsection F and again in 1987 when the additional terms were given their own subsection.

2. The terms of 12 O.S.Supp.1987 § 1289(F), renumbered as 43 O.S.Supp.1989 § 134(F) (*now* 43 O.S.1991 § 134(F)), provide:

"Pursuant to the federal Uniformed Services Former Spouse's Protection Act (PL 97–252), the provisions of subsection E [*infra* note 1] of this section shall have *retrospective and prospective application* with regards to modifications for the purpose of obtaining support or payments pertaining to a division of property on divorce decrees which become final after June 26, 1981." (Emphasis added.)

The terms now found in 12 O.S.Supp.1987 § 1289(F) were first added to 12 O.S.Supp.1985 § 1289(E) and moved to a separate subsection in 1987.

3. The divorce decree was rendered on October 12, 1983 and memorialized on January 6, 1984. No appeal followed.

Unless appealed, a divorce decree is final the day judgment is rendered. *See* 12 O.S.1981 § 1282, renumbered as 43 O.S.Supp.1989 § 127 (*now* 43 O.S.1991 § 127), which provides in pertinent part:

"Every decree of divorce shall recite the day and date when the judgment was rendered. *If an appeal be taken from a judgment granting or denying a divorce,* that part of the judgment does *not* become final and take effect until the appeal is determined. * * *" (Emphasis added.)

4. Although this is not mentioned in the decree, the trial court had notice of the husband's military retirement pay. The record before us includes (1) a pretrial order (in the divorce proceeding) that refers to *"net retirement income"* of $400.00 per month and (2) a trial exhibit that shows the husband's *military retirement pay* at $558.00 per month. From the wife's uncontroverted testimony at the postdecree hearing we conclude that the exhibit which mentions military retirement pay was placed in evidence before the decree's rendition. *See infra* note 8.

Act][5] in 1983. The wife urged the provisions of 12 O.S.Supp.1987 § 1289(F)[6] authorized retroactive modification of a divorce decree for an equitable distribution of a former spouse's military retirement pension. The trial judge (a) held himself empowered by the provisions of 12 O.S.Supp.1987 § 1289(F) to modify the parties' 1987 decree's property division regime[7] and (b) awarded the wife 36% of the husband's future military retirement income. The new property-division payments were scheduled to begin the month following the last spousal support payment.

■ The husband appealed. The Court of Appeals (1) noted the trial judge had been aware of the husband's military benefits when he decreed the amount of spousal support to be paid to the wife[8] and (2) concluded that predecree consideration of the retirement pay precluded its postdecree judicial recasting into divisible marital property.[9] When reversing the postdecree property division award, the appellate court pronounced it would sanction a postdecree division of military retirement pay as spousal property *where a trial judge had not considered this asset in predecree stages* (either for awarding spousal support or for dividing jointly acquired marital assets). The Court of Appeals *affirmed* the trial court's refusal to alter the husband's support alimony obligation. It remanded the cause (1) for consideration of the wife's plea for an increase in support alimony (2) for modification if the wife should meet the § 1289(E)[10] criteria for a substantial change in circumstances. The wife's petition for certiorari was *granted.*[11] *Recent jurisprudence, dispositive of all issues*

5. 10 U.S.C.A. § 1408 (1983). Section 1408(c)(1) (effective February 1, 1983) provides in pertinent part:
   "[A] court may treat disposable, retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, *either as* property solely of the member *or* as property of the member and his spouse *in accordance with the law of the jurisdiction of such court.*" (Emphasis added.)
   Congress enacted USFSPA in response to *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *McCarty* held that in dissolution proceedings armed services' retirement income was to be treated as the military spouse's separate asset. Prior to *McCarty,* each state had applied its own law to govern divorce-related interspousal division of military retirement benefits. USFSPA's intent was to reinstate the state-law authority in existence before *McCarty.* On November 5, 1990 Congress made this intention clear by amending USFSPA to protect pre-*McCarty* divorce decrees from being reopened. (P.L. 101–510). The amendment provides in pertinent part:
   "Sec. 555. AMENDMENTS TO THE UNIFORMED SERVICES FORMER SPOUSES' PROTECTION ACT
   (A) PROHIBITION OF CERTAIN RETROACTIVE COURT ORDERS.—Subsection (c)(1) of section 1408 of title 10, United States Code, is amended by adding at the end the following new sentence: 'A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse *if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement inci-*

*dent to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981,* and (B) *did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.'* (Emphasis added.)

6. For the text of 12 O.S.Supp.1987 § 1289(F), *see supra* note 2.

7. For the text of 12 O.S.Supp.1987 § 1289(F), *see supra* note 2.

8. The appellate court's conclusion that the trial court had considered the husband's military retirement income when it set the wife's support alimony appears to be based upon an entry in the pretrial order which showed as other income: "net retirement"—$400.00. For the explanation that the record also includes a trial exhibit that mentions the husband's military retirement pay, *see supra* note 4.

9. The Court of Appeals applied *Holeman v. Holeman,* Okl., 459 P.2d 611, 613–614 (1969), which teaches that it would be *unfair* for a trial court to divide a retirement fund as spousal property and also provide for the bulk of support alimony award to be paid out of the same fund.

10. For the terms of 12 O.S.Supp.1983 § 1289(E), *see supra* note 1.

11. Appellee's quest for rehearing in the Court of Appeals was denied May 18, 1990; her timely petition for certiorari of June 11, 1990 was granted July 10, 1990.

raised below, calls for reversal of the *nisi prius* postdecree order.[12]

## II

## THE WIFE'S QUEST TO REOPEN THE DECREE FOR REDISTRIBUTION OF SPOUSAL ASSETS AND FOR ADDITIONAL SUPPORT ALIMONY

### A. The Property Division Claim— The *Clifton* Bar.

■ *Clifton v. Clifton* [13] teaches that 12 O.S.Supp.1987 § 1289(F) [14] bars property division readjustment sought to be rested on an after-enacted spousal right to reach military retirement benefits not legally divisible at the time of the parties' marriage dissolution.[15] *Clifton* cautions that *permitting readjustment of property division awards* under § 1289(F) [16] would lead to an *irreconcilable conflict* between that section's terms and those of subsection (A) [17] *which unequivocally proscribe property division modification.*

*Clifton* concludes that the subsection (F) provision which authorizes the reopening of divorce decrees *addresses itself solely* to certain *support alimony* modification.[18] That pronouncement is bottomed on language in subsection (F) [19] which refers the reader to subsection (E).[20] Subsection (E) authorizes (for decrees rendered after its effective date) retroactive modification of *support obligations* upon proof of changed circumstances that affect either the *need for* or the *ability to provide* support.[21] *Property division awards must hence, as before, stand impervious to modification except when a decree is subject to vacation in a manner authorized by statute.*[22]

Following the authority and rationale of *Clifton*, we hold today that *the property division provisions of the parties' 1983 decree are not modifiable.*

### B. The Wife's Support Alimony Claim—the *Messenger* [23] Bar.

■ *Messenger v. Messenger* [24] bars the wife's quest for additional support alimony grounded upon either the husband's previously unreachable pension benefits or

**12.** In divorce cases, which are of equitable cognizance, an appellate court must order that disposition of the proceeding which the trial court should have made. *Matter of Estate of Bartlett*, Okl., 680 P.2d 369, 374 (1984).

**13.** Okl., 801 P.2d 693 (1990).

**14.** For the text of 12 O.S.Supp.1987 § 1289(F), *see supra* note 2.

**15.** *Clifton, supra* note 13 at 697.

**16.** For the terms of 12 O.S.Supp.1983 § 1289(E), *see supra* note 1.

**17.** The terms of 12 O.S.Supp.1987 § 1289(A), renumbered as 43 O.S.Supp.1989 § 134(A) (*now* 43 O.S.1991 § 134(A)), provide:
"In any divorce decree which provides for periodic alimony payments, the court shall plainly state, at the time of entering the original decree, the dollar amount of all or a portion of each payment which is designated as support and the dollar amount of all or a portion of the payment which is a payment pertaining to a division of property. The court shall specify in the decree that the payments pertaining to a division of property shall continue until completed. *Payments pertaining to a division of property are irrevocable and not subject to subsequent modifica-*

tion by the court making the award." (Emphasis added.)

**18.** *Clifton, supra* note 13 at 696.

**19.** For the text of 12 O.S.Supp.1987 § 1289(F), *see supra* note 2.

**20.** For the terms of 12 O.S.Supp.1983 § 1289(E) *see supra* note 1.

**21.** 12 O.S.Supp.1983 § 1289(E). For the section's terms, *see supra* note 1. *Support alimony awards rendered before § 1289(E) became effective on November 1, 1983 are not subject to modification.* *Messenger v. Messenger*, Okl., 827 P.2d 865, 870 (1992).

**22.** The terms of 12 O.S.1981 § 1279, renumbered as 43 O.S.Supp.1989 § 122 (*now* 43 O.S.1991 § 122), provide:
"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and *shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud* shall have been committed by or on behalf of the successful party." (Emphasis added.)

**23.** *Messenger, supra* note 21.

**24.** *Messenger, supra* note 21.

upon a § 1289(E) change of circumstances. Just as in *Messenger*, the statutory regime in place when the parties' October 12, 1983 divorce was rendered [25] authorized neither (1) modification of support alimony for changed conditions [26] nor (2) reopening of settled decrees for readjudication of spousal support to be rested upon an after-created claim to a military spouse's retirement benefits.[27] *Messenger* unequivocally teaches that support alimony decreed before §§ (E) and (F) became effective is subject to readjudication *only* if the award is void on the face of the judgment roll.[28]

■ The decree before us here sets a certain amount of support alimony to be paid to the wife, provides the amount due each month, and specifies the length of the required payments. The face of the judgment roll reveals *no* jurisdictional defect in the alimony adjudication now sought to be reopened. The judgment was valid when rendered and its efficacy cannot be impaired by after-enacted legislation.[29]

*Decreed support alimony obligations embody vested rights that are constitutionally protected from the effect of after-enacted legislation by the provisions of Art. 5, § 54,[30] and Art. 2, § 7, Okl. Const.[31] Messenger teaches that the constitutionally shielded concept of an "accrued" or "vested right" in an adjudicated support obligation stands unabrogated by Nantz v. Nantz.[32] There we held that an after-enacted condition for terminating support alimony payments may be applied to unaccrued portions of awards maturing after a new law has become effective.[33]*

Following the authority and rationale of *Messenger*, we hold that the support alimo-

---

**25.** As in Messenger, the statute that governed here was 12 O.S.1981 § 1289(B). The pertinent terms of 12 O.S.1981 § 1289(B) provided:

"In any divorce decree which provides for periodic alimony payments, the court *shall plainly state*, at the time of entering the original decree, *what dollar amount of all or a portion of each such payment is designated as support....*" (Emphasis added.)

Section 1289 was amended effective November 1, 1983 and again in 1985, 1987 and renumbered as 43 O.S.Supp.1989 § 134 (now 43 O.S.1991 § 134).

**26.** 12 O.S.Supp.1983 § 1289(E), quoted *supra* note 1. Subsection E was added effective November 1, 1983.

**27.** 12 O.S.Supp.1987 § 1289(F), quoted *supra* note 2. The text of § 1289(F) was included in § 1289(E) in 1985 and moved to a separate subsection in 1987. *See supra* note 2.

**28.** *Messenger, supra* note 21 at 870. *See Mayhue v. Mayhue*, Okl., 706 P.2d 890, 893 (1985); *Scoufos v. Fuller*, Okl., 280 P.2d 720, 723 (1955); *Petty v. Roberts*, 186 Okl. 269, 98 P.2d 602, 603 (1939).

The judgment roll consists of "... the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court...." 12 O.S.1981 § 32.1; *Mid–Continent Pipe Line Co. v. Seminole Country Excise Bd.*, 194 Okl. 40, 146 P.2d 996, 1000 (1944); *Veiser v. Armstrong*, Okl., 688 P.2d 796, 800 (1984).

An alimony award by monetary allowance (as opposed to an in-kind form by an *in praesenti* transfer of the obligor's property) may be deemed facially void if the total amount of the adjudged obligation is not established in a sum certain or is not in a sum capable of being made certain by reference to the terms of the decree. *Messenger, supra* note 21 at 870; *Frensley v. Frensley*, 177 Okl. 221, 58 P.2d 307, 312 (1936).

**29.** The validity of a judgment must be measured by the law in force when it was rendered. After-enacted legislation cannot impair the efficacy of a valid judgment. *Timmons v. Royal Globe Ins. Co.*, Okl., 713 P.2d 589, 594 n. 18 (1986); *Lake v. Bonynge*, 161 Cal. 120, 118 P. 535, 540 (1911); *Pacific Power Co. v. State*, 32 Cal.App. 175, 162 P. 643, 646 (1917); *Anderson v. Dewey*, 82 Idaho 173, 350 P.2d 734, 738 (1960); *John S. Westervelt's Sons v. Regency*, 3 N.J. 472, 70 A.2d 767, 771 (1950); *see also Washabaugh v. Bartlett Collins Glass Co.*, 177 Okl. 159, 57 P.2d 1162, 1164 (1936); *Apple v. State Insurance Fund*, Okl., 540 P.2d 545, 547 (1975); *Weber v. Armco, Inc.*, Okl., 663 P.2d 1221, 1227 (1983).

**30.** The provisions of Art. 5, § 54, Okl. Const., are:

"*The repeal of a statute shall not* revive a statute previously repealed by such statute, nor shall such repeal *affect any accrued right*, or penalty incurred, or proceedings begun *by virtue of such repealed statute*." (Emphasis added.)

**31.** The provisions of Art. 2, § 7, Okl. Const., are:

"No person shall be deprived of life, liberty, or property, without due process of law."

**32.** Okl., 749 P.2d 1137 (1988).

**33.** *Messenger, supra* note 21 at 873.

**150**

ny provisions of the parties' 1983 decree may not be modified.

## SUMMARY

The text of 12 O.S.Supp.1987 § 1289(F) [34] does not authorize reopening a divorce decree to divide military retirement benefits *as spousal property* if those benefits were *not* legally divisible at the time of the parties' marriage dissolution.[35] Support alimony, awarded before the terms of §§ 1289(E) and (F) became effective, is not subject to readjudication either upon changed circumstances or to reach for consideration previously indivisible military pension benefits. *In sum, repeating our teachings in Clifton and Messenger,* we hold today that neither the property division award nor the support alimony provisions of the parties' 1983 divorce decree may be retroactively modified in a postdecree proceeding.

**COURT OF APPEALS' OPINION IS VACATED; TRIAL COURT'S POSTDECREE ORDER IS REVERSED.**

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, KAUGER, SUMMERS and WATT, JJ., concur.

ALMA WILSON, J., dissents.

ALMA WILSON, Justice, dissenting:

I dissent for the reasons stated in my dissents to *Clifton v. Clifton,* 801 P.2d 693, 698 (Okla.1990), and *Messenger v. Messenger,* 827 P.2d 865, 874 (Okla.1992).