1997 OK 94

**OKLAHOMA EMPLOYERS SAFETY GROUP, S.I.A., Plaintiff/Appellant.**

v.

**COLBERT NURSING HOME, INC., d/b/a/ Southern Pointe Living Center, an Oklahoma Corporation, Defendant/Appellee, and Third Party Plaintiff,**

v.

**David DANK, Third Party Defendant.**

No. 88818.

Supreme Court of Oklahoma.

July 8, 1997.

Rehearing Denied March 9, 1998.

Don R. Nicholson, II, Mark J. Pordos, Kent A. Nicholson, Getulio C. "Bud" Newberry, Eagleton & Nicholson, P.C., Oklahoma City, for Plaintiff/Appellant.

Clifford A. Wright, Clifford A. Wright, P.C., Oklahoma City, for Defendant.

WATT, Justice.

The Facts and legal issues of this appeal are similar to those before us in *Self Insurers' Management Group v. The YWCA of Oklahoma City, et al.,* 1997 OK 95, 954 P.2d 115 (Okla.1997), also decided today. Oklahoma Employers Safety Group moved that this Court retain jurisdiction of this appeal and make it a companion case to the *Self*

*Insurers' Management Group* appeal. We granted Oklahoma Employers Safety Group's motion on January 31, 1997. We did so because both this case and *Self Insurers' Management Group* present the same important issue of public policy dealing with the construction of a recent amendment to 85 O.S.Supp.1996 § 149.1.

### FACTS

On August 2, 1996, Oklahoma Employers Safety Group sued Colbert Nursing Homes, Inc for unpaid workers' compensation insurance premiums of $58,060. Oklahoma Employers Safety Group is a group self-insurance association formed under 85 O.S.1991 § 149.1 for the purpose of allowing multiple employers to join together to provide workers' compensation insurance. Oklahoma Employers Safety Group is regulated by the Workers' Compensation Court, as mandated by § 149.1. Colbert is one of Oklahoma Employers Safety Group's members. Colbert filed an answer and counterclaim alleging that Oklahoma Employers Safety Group had breached its Agreement with Colbert, and that the Agreement was unenforceable because it was an unregistered security.

When it was formed, Oklahoma Employers Safety Group's bylaws provided that its members' supervisory board would be appointed by Oklahoma Employers Safety Group's president, although the Workers' Compensation Court Rules relating to group self-insurance associations provided that board members should be elected by each association's members. On November 10, 1993 Oklahoma Employers Safety Group amended its bylaws to provide for election of its board by Oklahoma Employers Safety Group's members in accordance with Workers' Compensation Court Rules. Colbert did not begin to receive workers' compensation coverage from Oklahoma Employers Safety Group until August 25, 1994.

Colbert terminated its coverage with Oklahoma Employers Safety Group effective March 1, 1996, and requested an audit of its account. Oklahoma Employers Safety Group's audit showed that Colbert owed $58,060.00 in additional premiums. When Colbert refused to pay the additional premiums, Oklahoma Employers Safety Group filed this action.

Both Oklahoma Employers Safety Group and Colbert moved for summary judgment. The trial court granted Colbert's motion for summary judgment and denied Oklahoma Employers Safety Group's motion for summary judgment. The trial court's judgment did not state its grounds for granting summary judgment to Colbert. Colbert's brief in support of its motion for summary judgment, was grounded on three theories, which Colbert claimed made the Agreement void and unenforceable: (1) state securities laws violations, (2) federal securities law violations, and (3) Oklahoma Employers Safety Group's failure to comply with Workers' Compensation Court Rules. Oklahoma Employers Safety Group resisted Colbert's motion for summary judgment, and supported its own motion for summary judgment, by claiming that the amendment to § 149.1 made the Oklahoma securities Act unavailable to Colbert. The trial court granted judgment under 12 O.S. 1991 § 994.A, so that Oklahoma Employers Safety Group could appeal the judgment. The basis of the trial court's application of § 994.A was that the judgment was final as between Oklahoma Employers Safety Group and Colbert, but left unresolved all issues involving the third party defendant, David Dank. That this is the case is undisputed.

### ISSUES

(1) Were the Agreements unregistered securities and therefore unenforceable against Defendants/Appellees, under either state or federal securities laws?
(2) Were the Agreements void because Oklahoma Employers Safety Group's bylaws violated Workers' Compensation Court rules concerning election of its members' supervisory board prior to Colbert's joining Oklahoma Employers Safety Group?

We answer no to each question.

### DISCUSSION

### I.

*The Oklahoma Securities Act is Not Available to Colbert as A Defense to Oklahoma Employers Safety Group's Action.*

■ Our discussion in Part I of the companion case to this matter, *Self Insurers'*

*Management Group v. The YWCA of Oklahoma City, et al.*, 1997 OK 95, 954 P.2d 115 (Okla.1997), also decided today, disposes of Colbert's claim that its Agreement with Oklahoma Employers Safety Group violated the Oklahoma Securities Act. The Legislature has implemented an important public policy of making sure that payment of workers' compensation benefits to injured workers are secured. In doing so the Legislature has mandated in 85 O.S.Supp.1996 § 149.1.C that

> A group self-insurer created pursuant to this section [149.1] either prior to or after the effective date of this act shall not be subject to the provisions of the Oklahoma Securities act.

Because of § 149.1.C, and for the reasons stated in *Self Insurers' Management Group*, we hold that the Oklahoma Securities Act is not available to Colbert here, and the trial court, therefore, erred in granting Colbert's motion for summary judgment on this issue and denying Oklahoma Employers Safety Group's motion for summary judgment.

*Federal Securities Laws do Not Apply to the Facts of This Appeal.*

■ Without citation of authority Colbert contends that Oklahoma Employers Safety Group violated federal securities laws. We disagree.

The Oklahoma Legislature authorized the formation of group self-insurance associations to provide another method whereby employers could provide workers' compensation insurance. In authorizing such associations under § 149.1, the Legislature provided that the Workers' Compensation Court would regulate such associations. The McCarran–Ferguson Act governs here. The Act provides:

> No act of congress shall be construed to invalidate, impair or supersede any law enacted by any state for the purpose of regulating the business of insurance....

15 U.S.C. § 1012(b).

It is clear that Oklahoma Employers Safety Group's primary business was to provide workers' compensation insurance to its members, and that Colbert's primary purpose for joining Oklahoma Employers Safety Group

was to obtain such insurance. Further, such associations and their members are regulated under the Oklahoma statutes and Workers' Compensation Court Rules. Under the McCarran–Ferguson Act, federal securities laws do not apply when state regulations govern the conduct of an insurer. *Federal Trade Com'n v. National Casualty Co.*, 357 U.S. 560, 78 S.Ct. 1260, 2 L.Ed.2d 1540 (1958). As shown in our discussion in *Self Insurers' Management Group,* the Workers' Compensation Court Rules and Title 85 do regulate group self-insurers.

There is another and equally important reason why state law must prevail here. In this appeal, Colbert and Oklahoma Employers Safety Group's other members are not primarily investors. Instead, they are employers with statutory responsibility to secure payment of workers' compensation benefits to their injured employees. To the extent, if any, that group members could be said to be investors, their rights as investors must be held to be secondary to their responsibilities as employers. When it passed § 149.1.C the Legislature established a policy that such employers have no rights under state securities law. The legislation called for a comprehensive scheme of regulation, which has been implemented by the Workers' Compensation Court. Under these circumstances the McCarran–Ferguson Act mandates that federal securities laws do not apply.

## II.

■ Colbert claims that it is immune from liability here because Oklahoma Employers Safety Group breached the Agreement by failing to follow Workers' Compensation Court Rules relating to the manner in which Oklahoma Employers Safety Group's members' supervisory board was selected. In support of its contention, Colbert relies on *Stoltz, Wagner & Brown v. Cimarron Exploration Co.*, 564 F.Supp. 840 (W.D.Okla.1981); *Miller v. Young*, 197 Okla. 503, 172 P.2d 994 (1946); and *Houser v. Sheehan*, 389 P.2d 94 (Okla.1964). The cited cases do not fit the facts of this appeal. In each of those cases the plaintiff fundamentally breached the

agreement upon which it sued. The rule established by these cases is that such a breach

> ... is grounds for recission of a contract when such failure defeats the object of the contract or when it concerns a matter of such importance that the contract would not have been made if default in that particular area had not been expected.

*Stoltz,* 564 F.Supp. at 849; *Houser,* 389 P.2d at 97. In *Stoltz* plaintiff diverted $225,000.00 of well cost money that caused defendants well costs to increase dramatically. *Houser,* and *Miller* also involved breaches by parties who, by those breaches, had clearly hurt their opponents in the litigation. (*Houser:* breach of agreement that survivor of husband and wife would have the use of all the couple's joint property; *Miller:* plaintiff failed to complete a building contract in violation of his agreement with defendants.) Here, there is no showing that the failure of the membership to elect the board damaged Colbert. Indeed, the claimed breach of the Agreement had been cured by the time Colbert joined Oklahoma Employers Safety Group in 1994 because Oklahoma Employers Safety Group amended its bylaws to comply with Workers' Compensation Court Rules in 1993. There was no basis in the record to support granting Colbert summary judgment on the ground that Oklahoma Employers Safety Group had breached the Agreement.

## CONCLUSION

For the reasons stated in the companion case, *Self Insurers' Management Group v. The YWCA of Oklahoma City, et al.,* 1997 OK 95, 954 P.2d 115 (Okla.1997), we hold 85 O.S.Supp.1996 § 149.1.C precludes Colbert from relying on the Oklahoma Securities Act as a defense to Oklahoma Employers Safety Group's action against it. Further, Oklahoma Employers Safety Group's noncompliance with Workers' Compensation Court Rules concerning the manner in which its board members were selected.is not available to Colbert as a defense. The record does not support the trial court's grant of summary judgment to Colbert. We reverse and remand this matter to the trial court with instructions to proceed in a manner consistent with this opinion and with our opinion in the companion case, *Self Insurers' Management Group v. The YWCA of Oklahoma City, et al.,* No. 86,718.

JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.

KAUGER, C.J., SUMMERS, V.C.J., and HODGES, OPALA and WATT, JJ., concur.

SIMMS, J., concurs in result only.

LAVENDER, HARGRAVE and ALMA WILSON, JJ., concur in part, dissent in part.